**TRADERS & GENERAL INS. CO. v. DAVIS et al.**

**No. 5619.**

Court of Civil Appeals of Texas. Texarkana.
July 9, 1940.

Rehearing Denied July 18, 1940.

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, and Stinchcomb, Kenley & Sharp, of Longview, for appellant.

Jones & Jones, of Marshall, for appellee.

HALL, Justice.

W. M. Davis, acting as administrator of the estate of J. M. McIlveene, instituted this suit to recover the sum of $6,000 alleged to be owing the estate of McIlveene by appellant. Exception by appellant to Davis' authority to prosecute this suit being by the court sustained, Mrs. J. M. McIlveene, wife of J. M. McIlveene, deceased, was permitted to intervene as administratrix in the place of Davis, and she will be referred to hereafter as appellee. It was alleged by appellee that prior to March 31, 1934, appellant issued to one C. A. Jones its public liability policy of insurance whereby "it insured and indemnified him in such a way that it would become indebted and liable to persons who were injured by reason of his (Jones') negligent or careless operation of his automobile, and agreed and became liable to pay off and satisfy such judgments as might be rendered against him (Jones) for injuries or death inflicted and caused by the operation of his automobile;" that on March 31, 1934, and while said policy was in force, C. A. Jones negligently inflicted serious and permanent injuries to J. M. McIlveene by driving his automobile against him. Appellee alleged further that appellant received prompt notice of said injury, made an investigation thereof, and after suit was filed by McIlveene against Jones for damages resulting from his injuries, appellant took charge of the defense of said suit with attorneys employed and furnished by it; that the trial of the case between McIlveene and Jones resulted in judgment for McIlveene for $4,000; that appellant furnished the appeal bond and prosecuted an appeal of that cause to the court of civil appeals and to the Supreme Court, which resulted in an affirmance of same. That judgment became final on June 30, 1937. It was alleged further that after the rendition of the judgment against Jones, McIlveene died, leaving a widow and several children; that an execution had been issued against C. A. Jones to satisfy that judgment and had been returned unsatisfied on account of Jones owning no property subject to execution; and that C. A. Jones was insolvent. "That by reason of said contract of insurance made with C. A. Jones by appellant and under the said insurance policy, appellant became indebted to the said J. M. McIlveene, and upon his death to his estate, in the sum of $4,000 with interest at 6% per annum from the 29th day of June, 1935. * * * that all the requirements, exceptions, regulations and conditions in the said policy contained were fully complied with and there has been no breach of same that has the effect of creating or giving to defendants a defense to any part of this cause of action. All, if any breaches or defenses that would have relieved defendant from liability to plaintiff under said policy, have been waived by it;" and that having taken charge of the defense of the suit of McIlveene v. Jones and participated therein throughout the trial, is estopped to urge said defense in this suit. Appellee alleged, in the alternative, being unable to collect said judgment from Jones, that under the law he is authorized to prosecute this suit against appellant for the amount of that judgment, together with the legal interest thereon from the date of its rendition.

Appellant answered by general demurrer, and numerous special exceptions, all of which were overruled, and a general denial.

It averred that Mrs. J. M. McIlveene as temporary administratrix of the estate of J. M. McIlveene, deceased, was without authority to prosecute this suit or intervene therein. Answering specially appellant alleged: (1) That the policy of insurance issued by it to C. A. Jones was one of indemnity and not public liability, that this suit is not by Jones, nor has Jones paid or discharged the judgment against him in favor of appellee, neither has he transferred to appellee any of his (Jones') rights in said insurance policy (this was accomplished later by the act of Jones in transferring and assigning to Mrs. McIlveene, temporary administratrix, for a valuable consideration, the insurance policy and all rights and claims therein owned and held by him). (2) That C. A. Jones was a necessary party to this suit (this was later complied with by Jones' intervening and adopting in the main appellee's pleadings). (3) That C. A. Jones is not insolvent and no liability exists against appellant until Jones has discharged appellee's judgment against him in whole or in part or is shown to be wholly insolvent. (4) That the defense it made in the case of McIlveene v. Jones "was made under a written 'nonwaiver agreement' between this defendant and the said C. A. Jones, whereby this defendant in no wise recognized any liability on or against it in said suit, but specifically reserved all its defenses as against the said C. A. Jones and the said J. M. McIlveene under said policy of insurance". (5) That C. A. Jones breached each and all of said terms of said insurance contract in that he (a) failed to give proper notice to it of the accident to McIlveene; (b) that he failed to properly cooperate in the defense of the suit of McIlveene v. Jones; (c) that he "failed to fully testify and develop all of the true facts concerning such accident in the trial of said cause;" and (d) that he withheld material facts from appellant in the McIlveene case. (6) That appellee is barred by the one, two, and four years statutes of limitation. And (7) that J. M. McIlveene had no cause of action against C. A. Jones in the case in which McIlveene secured a judgment against Jones for his (McIlveene's) injuries.

C. A. Jones was permitted to intervene and he adopted all the allegations in appellee's second amended petition, except that alleging his insolvency. By trial amendment appellant attacked the transfer from C. A. Jones to Mrs. J. M. McIlveene, administratrix, of the policy of insurance sued on herein and his rights and claims thereunder and especially the claim involved in this suit. This transfer was attacked as being void, of no force and effect, and in conflict with the provisions of the policy.

Trial was to a jury on special issues in answer to which the jury found: (1) That at the time and place J. M. McIlveene was injured the car was not being operated by C. A. Jones for the purpose of committing a felony; and (2) that the intervenor, C. A. Jones, did not fail to properly cooperate with the defendant, Traders & General Insurance Company, in the defense of the suit of J. M. McIlveene v. C. A. Jones. Other issues were submitted to the jury making inquiry as to the intoxication of Jones at the time he injured McIlveene, and also with respect to the insolvency of Jones. These issues were not answered by the jury. Upon the issues answered by the jury the trial court entered judgment for appellee for the amount of the Jones judgment with interest thereon at 6% from the date of its rendition, and costs.

Appellant's first proposition asserts that the judgment herein is a nullity for the reason that there was no plaintiff in the case and no authority vested in any one to act as plaintiff. As stated in the beginning, Davis, styled as administrator, instituted this suit. His authority to act as such was questioned by appellant, and the court below dismissed him from this case, holding that he had no authority to institute same. While the court below was considering Davis' authority, Mrs. McIlveene and her children were permitted to intervene, and they did intervene, adopting the pleading theretofore filed in this cause by Davis. On the same day Mrs. McIlveene made application for, was appointed and qualified as temporary administratrix of the estate of J. M. McIlveene, deceased, with specific authority to prosecute this suit. On the same date appellant pleaded surprise, was permitted to withdraw its announcement of ready, and the court continued the cause for the term. At a succeeding term Mrs. McIlveene filed other pleadings upon which the case was tried.

It appears from the record that Davis, upon the death of McIlveene, which occurred while the McIlveene v. Jones case was pending on appeal in the court of civil appeals, was appointed temporary administrator to represent the estate on appeal.

After that case had been affirmed by the court of civil appeals and writ of error dismissed by the Supreme Court, Davis' authority to act ceased. The trial court properly dismissed him from this case and permitted Mrs. McIlveene, wife of the deceased and mother of their children, to act in such capacity as temporary administratrix with authority to prosecute this suit. Hall v. Davison, Tex.Civ.App., 176 S.W. 642, writ refused. In her plea of intervention Mrs. McIlveene alleged specifically her authority to intervene in this suit and that Davis was without authority to prosecute same in the capacity of administrator of McIlveene's estate. Moreover, the action of the county court appointing Mrs. McIlveene temporary administratrix and the action of the district court in permitting her to intervene in this cause were brought about by the motion of appellant challenging Davis' authority to institute and prosecute this suit, and we think the court below very properly permitted Mrs. McIlveene to intervene, both individually and as temporary administratrix, in order to save this cause of action to her as widow of J. M. McIlveene, deceased, and their minor children. Certainly appellant is in no position to complain of this action of the trial court. This proposition is overruled.

By appellant's 2nd, 3rd, 4th, 5th, 6th and 7th propositions it is charged that the failure of the jury to answer special issues submitted to them with respect to the solvency of Jones, the assured, rendered the verdict incomplete and insufficient upon which to base the judgment herein against it. The pertinent provisions of the insurance policy applicable to these and other contentions brought forward are:

"Automobile Policy

"Traders & General Insurance Company "Home Office—Dallas, Texas.

"In consideration of the Premium and the statements as set forth in the Schedule of Declarations, which the Assured represents to be true by the acceptance of this policy, and which are made a part hereof, does hereby agree to insure—

"C. A. Jones (hereinafter called the assured)

* * *

"Section II (Damage by Automobile)

"Against direct loss or expense arising or resulting from claims upon the Assured for damages by reason of the ownership or maintenance of the automobile described in Statement 2 of the Schedule of Declarations and the use thereof for the purposes described in Statement 3 of the Schedule of Declarations * * *, to an amount not exceeding the limits hereinafter stated, if such claims are made on account of

"Item 6. Bodily injuries or death accidentally suffered or alleged to have been suffered by any person or persons * * * as the result of an accident occurring while this policy is in force; provided there is a specific premium charge made in writing in Item 6 of the 'Schedule of Coverage' on the preceding page. The liability of the Company under this Item 6 for loss or expense on account of an accident resulting in bodily injuries to or in the death of one person is limited to Five Thousand Dollars ($5,000.00) and, subject to the same limit for each person, the total liability of the Company for loss or expense on account of an accident resulting in bodily injuries to or in the death of more than one person limited to Ten Thousand Dollars ($10,000) * * *.

* * *

"Item 9. In the event that loss or expense from the perils set forth in Item 6, and/or Item 8 is insured against hereunder, then as respects the peril or perils so insured against, the Company does hereby agree:

"Investigation and Defense (A) To investigate all accidents covered by Item 6 and/or Item 8 of this policy and to defend in the name and on behalf of the Assured all suits therein, whether groundless or not; and

"Interest and Costs (B) To pay all costs taxed against the Assured in any legal proceeding against the Assured under Item 6 and/or Item 8 which is defended by the Company in accordance with the foregoing agreement; and to pay interest accruing upon that part of any judgment rendered in connection therewith which is not in excess of the policy limits, but only such interest as shall accrue after entry of judgment and up to the date of payment by the Company of its share of such judgment and will furnish supersedeas and appeal bonds to stay all executions on all judgments, not in excess of the limits of liability of the Company under this policy; * * *

* * *

"(6) This policy does not cover:

"(a) Under either Section I or II of the Schedule of Perils, any loss, damage or expense while the automobile insured hereunder is operated, maintained or used

* * * (ii) for the carrying of explosives not used in connection with the operation of the automobile or for other unusual, felonious or extra hazardous purposes; * * *

"Personal Injury.

* * *

"(13) Upon the occurrence of any loss or accident covered under Section II hereof, and irrespective of whether any injury or damage is apparent at the time, the Assured shall give immediate written notice to the Company at its office in Dallas, Texas, or to the authorized representative who issued this policy with the fullest information obtainable at the time. If a claim is made on account of any such accident the Assured shall give like notice thereof immediately after such claim is made, with full particulars; If thereafter any suit is brought against the Assured to enforce such claim, the Assured shall immediately forward to the Company every summons or other process as soon as the same shall have been served and attend all trials in connection with said suit: Whenever requested by the Company, the Assured shall aid in effecting settlement, securing information and evidence, the attendance of witnesses and in prosecuting appeals, and at all times render all possible cooperation and assistance; the Assured shall not voluntarily assume any liability or interfere in any negotiation for settlement or in any legal proceedings or incur any expense or settle any claim, except at Assured's own cost, without the written consent of the Company previously given, nor shall any Assured as herein defined be a claimant under this Section: The Company reserves the right to settle or defend any such claim or suit brought against the Assured.

"(14) No action shall lie against the Company to recover for any loss or expense under this policy unless brought after the amount of such claim for loss or expense shall have been rendered certain either by final judgment against the Assured after the trial of the issues or by agreement between the parties with the written consent of the Company. It is a condition of this policy that the insolvency or bankruptcy of the named Assured shall not release the Company, and if because of such insolvency or bankruptcy recovery can not be sustained, the judgment creditor shall then have a right of action to recover against the Company the amount of said judgment to the same extent that the named Assured would then have had to recover had the named Assured paid the judgment, but in no event shall the Company's liability exceed the limits expressed in this policy or its obligation to the Assured."

 It will be noted that by the terms of said insurance policy appellant insures Jones against loss or expense resulting from claims upon him for damage arising from the operation of his automobile; that appellant will "investigate all accidents * * * and defend in the name and on behalf of the Assured all suits therein, whether groundless or not;" and "reserves the right to settle or defend any such claim or suit brought against the Assured." Giving effect to these provisions the conclusion is inescapable that appellant undertook by its policy of insurance to save harmless C. A. Jones, the assured, from damages, attorney fees, court costs and other expenses incident to any suit brought against him for damages on account of the operation of his automobile. Reading together the provisions quoted last above, the appellant binds itself unqualifiedly to "defend or settle" any suit for damages brought against the assured, whether said suit be "groundless or not." In discussing a similar provision to this, Chief Justice Cureton in the case of American Indemnity Company v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 909, 37 A.L.R. 633, said: "* * The policy then provides that, if suit is brought, the assured must forward to the company every process and paper served on him, and the company agrees then, at its own expense, to either settle or defend the suit, whether groundless or not. It is provided that the money expended in the defense shall not be included in the limits of the liability fixed under the policy. However, the assured cannot assume any liability or interfere with any negotiations for settlement or any legal proceedings, nor incur any expense, nor settle any claim, except at his own cost, without the written consent of the company. In other words, the effect of it is to turn the defense of the case against the assured completely over to the indemnity company. The company undertakes to relieve the assured of all trouble with reference to the matter, and undoubtedly of all liability for the suit, to the extent of the limit specified in the policy. The company's obligation is manifestly to defend successfully, not imperfectly nor unsuccessfully, else its obligation is to settle. It is true that the pro-

vision does not say that if the indemnity company fails in its defense, and judgment is rendered against the assured, it will pay the judgment; but we believe that this was the purpose and intention of the parties when the contract was made." So, in this case the appellant insurance company is liable to appellee for the full amount of judgment rendered against assured Jones in the case of McIlveene v. Jones, unless its contention that the terms of the policy were breached by Jones lends it sufficient aid and comfort to escape the binding effect thereof. There is no contention that McIlveene's injury was not covered by the policy, and there is no serious dispute in this record but that appellant took complete charge of Jones' defense in the damage suit filed against him by McIlveene as it was obligated to do under the terms of the insurance policy. This case differs from that of American Indemnity Co. v. Fellbaum, supra, in that here the defense of the suit of McIlveene v. Jones by appellant was under what is termed a "non-waiver agreement", which agreement is:

"The State of Texas •

"County of Gregg .

"Whereas, in a certain suit pending in the District Court of Gregg County, Texas, wherein J. M. McIlveene is plaintiff, and C. A. Jones is defendant, the plaintiff claimed damages for personal injuries alleged to have been sustained by him on or about March 31, 1934, when he was hit by an automobile driven by the defendant; and,

"Whereas, the defendant, C. A. Jones carried a public liability insurance policy on his automobile, said policy having been issued to him by the Traders & General Insurance Company; and,

"Whereas, the Traders & General Insurance Company, through its attorneys, is willing to take charge of said litigation and defend the same on behalf of C. A. Jones, but is unwilling to admit that under the terms of its policy of insurance that it is liable to indemnify the defendant, C. A. Jones:

"Now, therefore, In consideration of the premises the undersigned C. A. Jones agrees that the action on the part of the Traders & General Insurance Company in taking charge of and defending the suit referred to above, or in negotiating for a settlement with the plaintiff or his attorneys, shall not be construed as waiving any existing rights or defenses which it, the Traders & General Insurance Company, may have.

"It is also expressly understood that the said C. A. Jones is not waiving his rights to insist that the Traders & General Insurance Company is liable to indemnify him against any loss or damage arising out of and incident to said suit filed by J. M. McIlveene."

In our opinion, appellant's right under the non-waiver agreement, and its only right secured thereunder, was the benefit or advantage of defending in this suit against the McIlveene judgment the alleged breach by Jones of the terms and conditions of the insurance policy. The non-waiver agreement does not purport to afford any other right. Appellant simply sought to avoid the effect of a waiver of its rights under the insurance policy as held in the Fellbaum case, supra. This it effectively did. Utilities Ins. Co. v. Montgomery, 134 Tex. 640, 138 S.W.2d 1062 (Com.App. adopted by Sup.Ct.); City of Wichita Falls v. Travelers Ins. Co., Tex. Civ.App., 137 S.W.2d 170, writ dismissed. So the defense of this cause by appellant on account of the alleged breach by Jones of the conditions of the insurance policy was entirely proper, and had it secured a favorable finding from the jury substantiating said defense, it would have been relieved of payment of the McIlveene judgment theretofore secured against Jones. But as heretofore pointed out, the jury in this case found (1) that at the time and place J. M. McIlveene was injured, the car was not being operated by C. A. Jones for the purpose of committing a felony, and that (2) the intervenor, C. A. Jones, did not fail to properly cooperate with defendant, Traders & General Insurance Company, in the defense of the suit of J. M. McIlveene v. C. A. Jones. In our opinion, these findings by the jury constituted a sufficient finding on the ultimate facts in dispute as between Jones and appellant and rendered the other issues submitted immaterial. The above findings of the jury under the holding of the Supreme Court in American Indemnity Co. v. Fellbaum, supra, form sufficient basis for the judgment rendered in the court below, from which this appeal is prosecuted.

There is another reason, and perhaps a better one, for affirming the judgment of the court below. It is provided in the insurance contract that no action shall lie

against the insurer to recover for any loss or expense under the policy until the amount of such claim has been rendered certain either by judgment against the assured or by settlement. It is provided, further, that insolvency or bankruptcy of the assured shall not relieve the insurer; and if on account of such insolvency or bankruptcy a recovery can not be sustained, then the judgment creditor shall have a right of action against the insurer to recover the amount of such judgment not to exceed the limits of the policy.

■ A judgment was rendered in favor of J. M. McIlveene against C. A. Jones, the assured, which has become final and which forms the basis of this suit. There is no dispute about these facts. But it is contended by appellant that there should have been a finding by the jury on the issue of the insolvency of Jones. After careful study of the record herein, we have concluded that Jones' insolvency was established by the undisputed testimony and there was no necessity for a jury finding thereon. Appellee introduced in evidence the return of an execution by the sheriff of Gregg County showing "no property found." This fact alone has been held to establish a prima facie case of insolvency to give right to a cause of action by the judgment creditor against the insurer under a "no action" provision similar to the one heretofore set out in this opinion. Weiss v. New Jersey Fidelity & Plate Glass Ins. Co., 131 Misc. 836, 228 N.Y.S. 314. In Horn v. Commonwealth Casualty Co., 105 N.J.L. 616, 147 A. 483, 484, the court said: "It is hard to conceive a more cogent proof of inability to answer pecuniary engagements than the return of an execution unsatisfied." To the same effect are Knabe v. Independence Indemnity Co., 144 A. 179, 7 N.J.Misc. 93; Edwards v. Fidelity & Casualty Co. of New York, 11 La.App. 176, 123 So. 162. Other authorities hold that the sheriff's return of execution showing "no property found," coupled with evidence of the insured or some other person that assured has not sufficient property out of which to satisfy the execution, if not contradicted by the insurer, is sufficient to establish the insolvency of the assured. Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25; United States Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660. For a complete discussion of the authorities dealing with this question see 85 A.L.R. 54, subd. d.

■■ The assured's testimony given on the trial of this case shows that he owns very little, if any, property and certainly not enough property to satisfy the judgment rendered against him in the case of McIlveene v. Jones, "The term insolvency is not always used in the same sense. It is sometimes used to denote the insufficiency of the entire property and assets of an individual to pay his debts. This is its general and popular meaning. But it is also used in a more restricted sense, to express the inability of a party to pay his debts, as they become due in the ordinary course of business." Toof v. Martin, 13 Wall. 40, 47, 20 L.Ed. 481. These definitions were quoted with approval by Justice Stayton in Blum v. Welborne, 58 Tex. 157. In 32 C. J. p. 805, § 1, insolvency is defined: "In its general and popular meaning the term (insolvency) denotes the state of one whose entire property and assets, when converted into money without unreasonable haste or sacrifice, are insufficient to pay his debts." In Luse v. Rea, Tex.Civ.App., 207 S.W. 942, 944, affirmed by Sup.Ct. 231 S. W. 310, it is said: "The court charged the jury that 'a person is insolvent if he has not property or means sufficient to pay his debts.' He might have sufficient property out of which payment of any per cent. of his debt less than 100 per cent. might be made and yet be insolvent." We think the last sentence more nearly denotes the meaning of the term "insolvency" as it is used in the insurance policy under discussion herein. The term does not mean that the insured must be judicially determined to be bankrupt before suit may be brought against the insurer by the judgment creditor. Metropolitan Casualty Ins. Co. v. Blue, supra; Horn v. Commonwealth Casualty Co., supra; Eagle Indemnity Co. v. Diehl, 9 Cir., 27 F.2d 76; Miller v. Union Indemnity Co., 209 App.Div. 455, 204 N.Y.S. 730. The question of Jones' insolvency being established by the uncontroverted evidence, the right of Mrs. McIlveene to prosecute this suit against the appellant insurance company to collect her judgment against Jones, the assured, became absolute under the very terms of the insurance policy, subject, of course, to any defense which the insurance company might have against Jones for alleged violations of the provisions of the insurance policy which it had

reserved under the non-waiver agreement. Government Personnel Auto Ins. Ass'n v. Haag, Tex.Civ.App., 131 S.W.2d 978, writ refused. Therefore, these propositions are overruled.

Other propositions brought forward are not discussed, but have been examined and are respectfully overruled.

From a careful examination of this entire record it is clear to us that the appellee should recover the judgment rendered by the court below, appellant not having shown any reversible error.

The judgment is affirmed.