CITY OF MIDLAND, Texas, Appellant,

v.

Leonard E. WALLER et al., Appellees.

No. 5845.

Court of Civil Appeals of Texas.

El Paso.

Sept. 6, 1967.

Rehearing Denied Sept. 27, 1967.

J. M. Nuessle, City Atty., Midland, Tex., for appellant.

Kerr, FitzGerald & Kerr, and Leonard Howell, Midland, Tex., for appellees.

OPINION

FRASER, Chief Justice.

This is an action filed by plaintiff-appellant, City of Midland, Texas, against Leonard E. Waller, a contractor, and The Travelers Indemnity Company. The trial court rendered summary judgment that the plaintiff take nothing.

It appears that after advertising for competitive bids, the appellant entered into a general construction contract with appellee, Leonard E. Waller, to construct a swimming pool in one of the appellant's public parks. The performance bond was furnished by appellee Travelers Indemnity Company. The structure was substantially completed about September 15, 1963 and, subsequently, the appellant's architect issued a Certificate of Completion, and final payment of the contract price was made by appellant to Waller. In November, 1965, appellant filed this case against appellees, alleging that the swimming pool was improperly constructed resulting in damages and expenses for needed repairs, and asked for judgment against both the contractor and the Travelers Indemnity Company. It seems that there was a one-year warranty involved in this transaction, but such is not here concerned, as appellant does not appear to

attempt to recover from Waller under that feature and it is evident that the year had elapsed before any action was taken. Both appellees filed Motion for Summary Judgment, and Travelers Indemnity Company also maintained that they were not liable because suit was not filed within one year from September 15, 1963.

The trial court declined to specify any particular contention of either defendant as the basis for the judgment that appellant take nothing.

The appellant has alleged a number of points of error. Appellees' first counterpoint states that this case should be affirmed because the contract upon which appellant's claim was based provided that the architect's decisions were final as to all matters sued upon by the appellant herein, and therefore there could be no material issues of fact to be decided and, as a matter of law, appellees were entitled to summary judgment as entered by the trial court.

We have gone through the briefs and the record in the case and have reached the conclusion that the decision of the trial court was correct.

We include pertinent portions of the original contract between the contractor and the appellant. One of these pertinent provisions is as follows:

"1:07 AUTHORITY OF ARCHITECT

All work shall be performed under the supervision of Architect or his authorized representative in a workmanlike manner and to his satisfaction.

He shall decide all questions which arise under this work regarding the following, and his decisions and estimates shall be final.

A. Quality and acceptability of the following:

1. Materials furnished and/or proposed for use.

2. Work performed.

3. Manner of performance.

4. Rate or progress of work.

5. Sequence of construction.

B. Interpretation of Plans, Specifications and Contract Documents.

C. Acceptable fulfillment of the Contract.

D. Compensation.

E. Mutual rights between Contractors and Sub-Contractors under these Specifications.

F. Suspension of the work.

G. Determination of amount and quality of work performed and materials furnished.

His estimate in such an event as listed under subparagraph 'G' shall be a condition precedent to the right of the Contractor to receive money due him under the Contract."

In pursuance of the language and clear intent of this portion of the original contract, it is obvious that all work was to be performed under the supervision of the architect, and the architect was charged with deciding whether or not the work and materials were furnished according to the plans, specifications and other documents involved in this contract. Then we find in the transcript a letter from said architect to appellant which states, inter alia:

"We ask by this letter to notify you and the City Council that Mr. Waller's completion of the items as inumerated above bring to conclusion and fulfillment the obligations of his contract with the City in constructing the 50 meter pool at Alamo Park. A one year guaranty-warranty period covering workmanship and certain equipment items remains in effect until August 1, 1964.

"It is our recommendation that final payment of any remaining funds due Mr.

Waller be authorized at the next meeting of the City Council.

Very truly yours,

NEUHARDT and BABB
architects

/s/ Charles H. Neuhardt
Charles Neuhardt, AIA"

It further appears that the appellant itself prepared the contract. We believe that when the architect was given the authority to supervise and approve or disapprove performance of this job in the original contract, it was intended by the parties that he should do just that. His letter to the City hereinabove quoted indicates that he was satisfied with the work and the materials used, and recommended that the City pay the contractor. For this reason we will not take up the many items of damage and improper material alleged by the City-appellant, as these matters were obviously left to be taken care of under the supervision and authority given and granted to the architect. When the City paid appellee Waller, it was merely following the architect's statement that Waller had built the swimming pool in accordance with the contract. We again point out that the City here makes no effort to attempt to recover under the one-year warranty, and it is true that it didn't file any suit within one year, but filed this suit in the year 1965.

■ It is our belief that this contract is clear and unambiguous and sets up a contractual relationship between the City of Midland and the contractor, Leonard Waller who, in turn, executed a performance bond through Travelers Indemnity Company; and that the entire construction and completion of the swimming pool was under the supervision of the architect, who obviously had authority to approve or disapprove. He did approve the job and recommended payment by the City. We see no fact matters of any material consequence herein contained. The decisive matters are all documentary. Whether the pool was

leaking and in bad shape at the time the suit was filed is another matter, as it had already been accepted by the City and paid for. It has long been held that when an architect has been given final determination of matters similar to those herein involved, and his findings and recommendation are accepted, the contractor or builder is then exonerated by the very terms of the contract and the action of the architect. In other words, the architect's decision is final. Kettler Brass Mfg. Co. v. O'Neil, 57 Tex.Civ.App. 568, 122 S.W. 900 (wr. ref.); Houston Fire & Cas. Ins. Co. v. Riesel Ind. School Dist., Tex.Civ.App., 375 S.W.2d 323 (n. r. e.). Again we should like to point out that the decisive matters here are found in the contract and the letter of the architect, so there is no apparent material fact dispute.

With regard to the co-appellee, Travelers Indemnity Company, their liability, of course, depended on the liability of the prime contractor, and it having been certified by the authorized architect that he had performed the job in accordance with the contract, and more than a year having elapsed under the warranty, the Travelers Insurance Company is also entitled to its summary judgment.

We have not discussed all of the points and counter-points of the various parties, as we feel this is a clear-cut contractual, documentary matter, and that the first counter-point of contractor Leonard Waller sets this matter up, and the arguments thereunder are decisive.

■ In summation let it be said that plaintiff-appellant, The City of Midland, entered into a contract with Leonard Waller to construct a swimming pool, and placed the supervision and authority for the manner of construction (according to the specifications and contract) in the hands of the architect. The architect having supervised and approved the work and recommended payment, the matter was thus concluded. As we have said before, the matters

involved are all documentary and non-controverted; therefore we feel that the trial judge was well within his authority in granting the summary judgment as he did.

For these reasons, all of appellant's points are overruled and the decision of the trial court is in all things affirmed.