**TEXAS RUBBER SUPPLY, INC.,**
Appellant,

v.

**JETSLIDE INTERNATIONAL, INC.,**
Appellee.

No. 502.

Court of Civil Appeals of Texas, Tyler.

July 29, 1971.

Rehearing Denied Sept. 2, 1971.

Sanders & Nolen, Andress, Woodgate & Hart, Wm. Andress, Jr., Dallas, for appellant.

Newman, Moore, Peterson & Frazer, Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for appellee.

McKAY, Justice.

Suit was originally brought by appellee Jetslide International, Inc., against appellant Texas Rubber Supply, Inc., for damages allegedly resulting from a breach of the contract of sale of large multi-lane recreational slides. Appellee alleged that Texas Rubber Supply, through its Armo Industries Division, failed to supply slides already purchased and supplied defective slides and sought damages resulting from these acts, and also asked for the return of a $20,000.00 deposit upon a slide never manufactured. The case was tried before a jury, and upon its verdict, judgment was entered in favor of Jetslide in the amount of $43,500.00. An additional $20,000.00 was awarded by the trial court upon facts found as a matter of law, making the final judgment amount to be $63,500.00. Texas Rubber Supply perfected its appeal.

Appellant bases its prayer for a reversal of the judgment and a rendition in its favor, primarily upon its first point of error, by which it urges that the contract between itself and Jetslide is illegal as contravening the Texas anti-trust statute. It admits that this point was first raised by its first amended motion for new trial and not in any manner considered before judgment was rendered by the trial court, but argues that this court may consider the point under authority of Lawler v. Aramco, Inc., 447 S.W.2d 189 (Tex.Civ.App., Houston 1st, 1969, ref., n. r. e.), and Niles v. Harris County Fresh Water Supply District No. 1–A, 339 S.W.2d 562 (Tex.Civ.App., Waco, 1960, writ ref.). We do not agree. Rule 94, Texas Rules of Civil Procedure, specifically requires an affirmative pleading to raise the defense of illegality. The cases cited by appellant all make the statement that an affirmative pleading is unnecessary under Rule 94 where the illegality of the contract shows on its face, but it will be noted that in every case the point of illegality was before the trial court, either having been tried by consent or raised by trial amendment. Thus, those cases are distinguishable on the facts from the case at bar.

There is more here than a mere failure to plead illegality. Appellee's petition alleged that the contract gave it "exclusive right worldwide to solicit purchasers of and make sales of Jetslides to persons selected by it as suitable and proper," that Texas Rubber Supply had violated that agreement by selling slides under the name Zipslides to other persons and asked for the sum of $400,000.00 for damages for lost profits in future sales. Texas Rubber Supply answered this allegation with a general denial. Its officers testified that Texas Rubber Suppy did sell identical slides under the name Zipslides. They testified that the original contract of November 9, 1967, did contain an exclusive sales clause, and the reason for the execution of the December 15, 1967 contract superseding the November 9 contract was to eliminate that clause. The pertinent portion of the December contract provides:

"Armo agrees that Jetslides, Inc. shall have the exclusive right world-wide to solicit purchasers of and make sales of JETSLIDES to persons selected by it as suitable and proper to own and operate JETSLIDES and to be licensed to *to* use such name, except the two slides mentioned in paragraph 5. above."

Appellant sought to prove that the only exclusivity under the December contract was with respect to the use of the name

"Jetslides," a name belonging to appellee. The president of appellant, Mr. Johnson, testified as follows under questioning by appellee's attorney (Mr. Berke being appellant's trial attorney):

"Q. Now, let's look at that picture. You had a contract where you agreed not to pay—I mean not to manufacture any slides for any competitor of Jetslide.

"MR. BERKE: We object to that, Your Honor, that's in the November the 9th contract which has been judicially admitted as superceded by the December 15th contract. That provision is not in the December 15th contract.

\* \* \* \* \* \*

"MR. NEWBERRY: I will read Paragraph 9 of the December 15th contract.

" 'Armo agrees that Jetslides, Inc., shall have the exclusive right world-wide to solicit purchasers of and make sales of Jetslides.

"Q (By Mr. Newberry) That's in the contract, isn't it?

"A I would have to read it.

"Q What does that mean to you?

"A Exclusive right?

"Q Yes.

"A Means to me they have exclusive right to use the word 'Jetslide'.

"Q It didn't say the word 'Jetslide', it says Armo agrees that Jetslides, Inc., shall have the exclusive right world-wide, to solicit purchasers of and make sales of Jetslides. Is that language clear to you?
"A It's clear as far as the name is concerned, yes.

"Q The name. Do you see the name or the word or anything mentioned in there, I want you to look at Paragraph 9.

"A What is Jetslide?

"THE COURT: No, don't ask questions, just answer.

"A Well, to me, sir, it means they've got the exclusive right to use the word 'Jetslide'."

No issues were submitted to the jury on this phase of the suit, and the trial court awarded no damages to appellee for the sale of other slides to third parties by appellant, the trial court apparently finding as a matter of law that the contract granted only an exclusive right to the use of the name "Jetslide."

■ Under the state of the record, the question of illegality of contract was a matter for affirmative pleading under Rule 94. Free-Flow Muffler Co. v. Kliewer, 283 S.W.2d 778 (Tex.Civ.App., Texarkana, 1955, ref., n. r. e.). The contract is not illegal on its face as it is subject to two interpretations, one of which, that urged below by appellant, would result in the contract being legal and enforceable. "When two constructions of a contract are possible, preference will be given to that which does not result in violation of law." Lewis v. Davis, 145 Tex. 468, 199 S.W.2d 146 (1947). There is never a presumption of illegality, but on the contrary, a presumption of legality. Kahn v. Harris Upham & Co., 247 S.W.2d 139 (Tex.Civ.App., San Antonio, 1952, affirmed 151 Tex. 655, 253 S.W.2d 647. " \* \* \* (T)he presumptions of law are all against the illegal intent of the contracting parties." Cundiff v. Campbell, 40 Tex. 142. Appellant waived the defense by its own acts.

■ Additionally, it would be inequitable to allow appellant to now take a position on appeal diametrically different from that taken in the trial court. Having prevailed upon the trial court to rule in its favor on the question of exclusiveness, appellant cannot now be permitted to take a contrary stand. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238 (1942); Sorrells v. Coffield, 144 Tex. 31, 187 S.W.2d 980 (1945); Dunlap v. Oak Cliff Pharmacy Co., 288 S.W. 236 (Tex. Civ.App., Austin, 1926, writ ref.); May v.

Wilcox Furniture Downtown, Inc., 450 S. W.2d 734 (Tex.Civ.App., Corpus Christi, 1969, ref., n. r. e.).

We have carefully examined appellant's remaining points, and all are respectively overruled.

Judgment of the trial court is affirmed.