**Darrell Ray STEUBING et al., Appellants,**

v.

**Robert MUNSON, Appellee.**

**No. 4570.**

Court of Civil Appeals of Texas, Eastland.

Nov. 17, 1972.

Rehearing Denied Dec. 15, 1972.

Richard D. Coan, Stephenville, for appellants.

Cantey, Hanger, Gooch, Cravens & Munn, Estil A. Vance, Jr., Ft. Worth, for appellee.

COLLINGS, Justice.

This suit was brought by Darrell Ray Steubing and wife against Robert Munson seeking to recover damages alleged to have been sustained by plaintiffs to their persons and automobile in a collision with defendant Munson's pickup truck. Based upon jury verdict, judgment was rendered for the defendant Munson and the plaintiffs, Steubing and wife have appealed.

The record shows that the collision in question occurred in the early morning of November 14, 1969, in Erath County, approximately 3.4 miles north of Stephenville on U. S. Highway 281. Appellant Steubing was operating his 1961 Chevrolet in a northerly direction along the highway when appellee Munson turned the pickup which he was operating into the path of plaintiffs and struck the Steubing automobile. The jury found that Munson was guilty of numerous acts of negligence proximately causing the accident. The jury further found that appellant Steubing did not fail to keep a proper lookout; that he was not driving at an excessive rate of speed, but in special issues numbers 15, 16 and 17 found that Steubing failed to turn to the left to avoid the collision in question, and that this was negligence and a proximate cause of the accident.

The evidence shows that at the time of the accident, the weather was fair, clear and dry; that there was light, and that neither Munson, Steubing, nor an eyewitness to the occasion had their lights on. There were no signs or traffic control devices indicating the private road which existed only on one side of the road; that Munson turned directly and suddenly in front of the path of Steubing's automobile, and that Steubing was honking his horn and applying his brakes just prior to the collision. The record further shows that the private drive in question was located approximately midway down a sloping hill; that Steubing had only eight or nine seconds to observe Munson's pickup from the crest of the hill to the point of impact, and that an eyewitness who was at the crest of the hill directly behind Steubing's automobile observed the turn which Munson made directly and suddenly and without warning in front of Steubing's automobile.

Steubing, upon trial of the case, objected to the submission of the special issues concerning his contributory negligence on the grounds of failing to turn to avoid collision, and after the jury findings, moved the court to disregard such findings, and thereafter moved for a new trial. The trial court overruled Steubing's objections and motions as above set out and they have perfected their appeal to this court.

In appellants' first point of error it is contended that the court erred in submitting special issues 15, 16 and 17 over their objections because as a matter of law there was no duty under the facts and circumstances for the appellants to attempt to turn to the left and that there was no evidence to support the submission of such issues. If there is any evidence of probative value to support the jury verdict we cannot set it aside. In Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914) it is stated as follows:

"In passing upon this question (no evidence), we must reject all evidence favorable to the plaintiffs in error, and consider only the facts and circumstances which tend to sustain the verdict, and if the jury, in an honest and impartial effort to arrive at the truth, might have reached the conclusion embodied in this verdict, this court cannot set it aside."

Steubing testified that he had no warning of the fact that Munson was going to turn in front of him; that there was nothing to obstruct his vision in traveling to the point of the collision and that he saw no signals

indicating such a turn or place therefor. Munson testified that just prior to making the turn in question, he did not see the Steubing car coming down the road; that it was not a dusty, cloudy or foggy day, and that there was nothing to obscure his vision from looking down the road. He stated that the first indication which he had concerning appellants' car was that he heard a horn; that he did not know whether appellant was applying his brakes at that time, but he did hear appellants' horn honking just before the impact. He stated that as you approach from Stephenville going that way there were no signs on the road other than two mailboxes showing that a driveway comes off the highway.

The facts and circumstances in evidence do not in our opinion shows as a matter of law that Steubing had no duty to attempt to turn to the left. The jury found that Steubing was keeping a proper lookout and was not driving at an excessive speed under the circumstances, but these facts do not show that Steubing could not be under a duty to do more than he did for his own safety and the safety of others when appellee unlawfully and suddenly turned across his lane of traffic without warning.

■ The evidence does not conclusively show that Steubing was acting as an ordinary prudent man would act under the circumstances. The evidence is undisputed that appellant saw Munson turn his pickup into appellants' path. There was nothing to obscure Appellant's vision at the time. The record shows that appellant was honking his horn and applying his brakes just prior to the collision and that the application of his brakes left skid marks on the road for a distance of 141 feet. In our opinion a question of fact is presented as to whether appellant could have turned to the left during the time of such application of his brakes. It is apparent that if appellant had turned his vehicle to the left the collision would have been avoided. This is shown by the fact that the collision took place near the right hand or outside por-tion of the north bound lane and by consideration of the location of the damage to appellee's pickup. This fact is also indicated by the distance of 141 feet of skid marks on the road, during which 'time appellant could have turned to the left. The evidence is undisputed that the two lanes to appellant's left were free of traffic and available for his use to avoid the collision. This fact was foreseeable by appellant. The evidence in our opinion shows that appellant could have avoided the accident by turning to the left, that he had ample opportunity to do so, and that if he had done so, the collision would have been avoided. Samford v. Duff, 483 S. W.2d 517 (Tex.Civ.App.—Corpus Christi 1972). The question is whether or not appellant's conduct in failing to turn to the left under these circumstances was negligent. The jury found that appellant's conduct in failing to turn to the left was negligent. The finding of the jury in this respect is in our opinion supported by evidence.

■■ Appellant argues in his brief that the evidence is insufficient to support the findings of the jury in answer to special issues 15, 16 and 17. Appellant attempted to raise this question in his motion for new trial urging that "The court erred in refusing to disregard the findings of the jury upon motion filed by the Plaintiffs before judgment in that: (a) There was no evidence to support the findings made by the jury in answer to Special Issues 15, 16 and 17. (b) or in the alternative, that there was insufficient evidence to support the findings of Special Issues 15, 16 and 17." This assignment in error, as well as the point based thereupon and the argument are directed to the action of the trial court in overruling the plaintiffs' motion to disregard the jury's findings. Under Rule 301, Texas Rules of Civil Procedure, the trial court is authorized upon motion and notice to "disregard any Special Issue Jury Finding that has no support in the evidence." The court may not, however, properly refuse to submit an issue or disre-

gard the jury's answer thereto merely because the evidence is factually insufficient to support the same. A contention that an issue should not have been submitted, or that a finding of the jury should be disregarded because of the insufficiency of the evidence is subject only to the construction that there is no evidence to warrant submission of the issue or support of the jury's finding. Such an assignment and point does not raise a question as to the factual sufficiency of the evidence to support the answers to special Issues 15, 16 and 17. The point of error attempting to raise the question of the factual sufficiency of the evidence to support such issues cannot be, and therefore is not considered. Garza v. Alviar, 395 S.W.2d 821 (Sup.Ct. 1965).

For the reasons stated, the judgment is affirmed.