**VAUGHN BUILDING CORPORATION,**
**Appellant,**

v.

**The AUSTIN COMPANY, Appellee.**

**No. 20450.**

Court of Civil Appeals of Texas,
Dallas.

May 22, 1981.

Rehearing Denied July 1, 1981.

James V. Hammett, Jr., J. Stockton Williams, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellant.

Earl Luna, Luna, Murto & Vorpahl, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

Vaughn Building Corporation sued The Austin Company for breach of express and implied warranties in a contract to construct a commercial building. The breach of express warranty alleged was Austin's failure to repair the roof after written notice, and the breach of implied warranty alleged was the unfitness of the roof for its particular purpose in that it failed to prevent water and the elements from coming inside the building. The trial court disregarded jury findings favorable to Vaughn and rendered judgment denying recovery. We hold that the verdict is supported by the evidence and that it is sufficient to support a judgment for breach of implied warranty. We also hold that the suit is not barred by limitation because Vaughn was effectively made a party plaintiff within four years after the date that the jury found an ordinary prudent person should have discovered that the roof was defective. Accordingly, we reverse and render judgment for Vaughn on the verdict without deciding whether Vaughn is entitled to recovery for breach of the express warranty.

### 1. Exclusion of Implied Warranty by Express Warranty

Austin seeks to support the judgment on the ground that the express warranty in the contract is exclusive and that the suit was not brought within four years after Vaughn's cause of action for breach of the express warranty arose. The contract provides for a roof of "aggregate surfaced built-up asphalt water-proofing installed in accordance with the manufacturer's specifications for a 20-year bondable type roof."

Austin contends that the intentions of the parties to exclude any implied warranty is shown by the specification of a "20-bondable type roof" and by evidence that Vaughn chose not to pay the premium for a bond to insure the roof. Austin also cites *Watel v. Richman*, 576 S.W.2d 779 (Tex.1978), in which the supreme court declined to approve the holding in *Richman v. Watel*, 565 S.W.2d 101, 102 (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.) that an express warranty for a limited time does not exclude an implied warranty that otherwise would have continued for a longer period. No authority, however, is cited in support of Austin's contention that an express warranty without an express disclaimer of implied warranties is effective to exclude any implied warranty that would otherwise arise.

 The express warranty here does not by its terms limit or exclude the implied warranty of fitness. Austin has not called to our attention any contractual provision to the effect that no warranties are made other than those expressly provided. We hold that a provision for an express warranty, without any disclaimer of implied warranties, does not limit or exclude the implied warranty of fitness for the particular purpose. *Belt v. Spencer*, 41 Colo.App. 227, 585 P.2d 922 (Ct.App.1978); *Rapallo South, Inc. v. Jack Taylor Development Corp.*, 375 So.2d 587 (Fla.Dist.Ct.App.1979); *Sallinger v. Mayer*, 304 So.2d 730, 732 (La.Ct.App. 1974); *Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 225 S.E.2d 557 (Ct.App.1976); cf. *MacDonald v. Mobley*, 555 S.W.2d 916, 919 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.) (exclusion or modification of implied warranty must be conspicuous); *Foremost Mobile Homes Mfg. Co. v. Steele*, 506 S.W.2d 646, 647–48 (Tex.Civ.App.—Fort Worth 1974, no writ) (express warranty purporting to be in lieu of all other warranties treated as nullity). Neither does proof that Vaughn chose not to pay for insurance exclude any implied warranties that would otherwise arise from the contract.

Moreover, we conclude that Austin's attempt to limit Vaughn's rights to the express warranty is contrary in principle to the decision of the supreme court in *City of Midland v. Waller*, 430 S.W.2d 473 (Tex. 1968). In that case a contract for construction of a swimming pool contained a one-year express warranty similar to the warranty in the present contract. The city sued for damages resulting from defects discovered twenty months after acceptance. No claim was made for breach of the one-year express warranty, and the contractor obtained a summary judgment on the ground that the architect's certificate of completion barred recovery for the defects alleged. This judgment was affirmed by the court of civil appeals in *City of Midland v. Waller*, 418 S.W.2d 915 (El Paso 1967), but the supreme court reversed, holding that latent defects becoming evident after the one-year warranty period and which could not have been discovered by the exercise of ordinary care may be made the basis of a suit for damages on account of such defects. 430 S.W.2d at 478. Although the suit was not brought on an implied warranty theory, as is the present case, we see no basis for a distinction. Here, the jury found that the defects in the roof should have been discovered on November 29, 1972, more than two years after expiration of the one-year period. Without disregarding this finding, a holding that Vaughn's claim is limited by the one-year warranty provision would be inconsistent with *City of Midland*. Accordingly, we must consider Austin's contention that the trial court properly disregarded this finding because there is no evidence and, in the alternative, insufficient evidence to support it.

■ We conclude that there is evidence supporting the finding that a person of ordinary prudence should have discovered the defect on November 29, 1972. Although leaks had begun within the first year after acceptance of the building on January 7, 1969, and a written notice of such leaks was given on January 19, 1970, Austin had attempted to repair those leaks. Later, according to the evidence, repeated complaints of leaks were made, to which Austin responded by making repairs which appeared for a time to be successful. Other leaks developed at different locations, which Austin also repaired. Austin's employees represented that locating the leaks was difficult and repeatedly stated that most of the leaks were caused by poor maintenance rather than by defective construction. The leakage became more severe until late in 1972, when Vaughn decided that something had to be done. On November 29, 1972 (the day the jury found an ordinary prudent person should have discovered the leaks), the parties met, examined the roof, and discovered extensive bubbles in the roofing material. In 1974 Vaughn employed a roofing expert to determine the cause of the problems and a method of resolving them. This expert testified that the roof had certain defects resulting from improper installation of roofing materials, but that leakage in itself did not necessarily indicate a defect in construction.

In the light of this evidence, we are unable to say that the occurrence of leaks, which Austin repaired from time to time, establishes as a matter of law that an ordinary prudent person should have discovered the defects in the roof before November 29, 1972. Consequently, we hold that there is at least some evidence to support the jury's finding, and, consequently, that the one-year limitation period provided by the contract cannot be applied in view of *City of Midland*. We cannot consider Austin's contention that the evidence is factually insufficient to support that finding because judgment notwithholding the verdict cannot properly be rendered on that ground. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *Southwestern Bell Telephone Co. v.*

*Ramsey*, 542 S.W.2d 467, 474 (Tex.Civ.App. —Tyler 1976, no writ); *Steubing v. Munson*, 487 S.W.2d 853, 855–56 (Tex.Civ.App.— Eastland 1972, writ ref'd n. r. e.).

2. *Accrual of Cause of Action*

■ Since we hold that Vaughn's cause of action for implied warranty is not barred by the provisions of the contract, we must consider whether it is barred by limitation. In this contention we must determine both when the limitation period began to run and when the running of limitation was interrupted by commencement of the suit for the benefit of Vaughn. The rule is well established in Texas that a cause of action for breach of implied warranty does not arise until the buyer discovers or should have discovered the injury. *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 99 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); *Summers v. Bransford-Hinds Building Co.*, 383 S.W.2d 947, 948–50 (Tex.Civ.App.—Eastland 1964, writ ref'd n. r. e.); *Pruetex Lemon Juice, Inc. v. S. Riekes & Sons*, 351 S.W.2d 119, 122–23 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.). Austin contends that these decisions are not authoritative because they erroneously apply the two-year statute of limitation to implied warranty cases, rather than the four-year statute, which was held applicable in *Certain-Teed Products Corp. v. Bell*, 422 S.W.2d 719, 721 (Tex.1968). As we read *Certain-Teed*, it holds that the four-year statute applies to implied warranties arising out of written contracts. The cases cited do not pass on which statute applies, but rather on when the cause of action accrues. On that question they appear to be authoritative.

Austin contends that a contrary rule is established by *City of Midland v. Waller*, 430 S.W.2d 473 (Tex.1968), which has already been discussed. That opinion, as we read it, does not decide the question of when the cause of action accrued because that question was not raised. The court held that the suit was not barred because the four-year statute of limitation, rather than the one-year warranty provision, applied to a claim for defects which could not

have been discovered by the exercise of ordinary care within the one-year period. The court gave no indication of whether the four-year period began to run from completion or from discovery of the defects and had no reason to do so because the suit was filed within four years after completion.

■ In the present case, therefore, we hold that limitation began to run on November 29, 1972, when the jury found that an ordinary prudent person should have discovered the defects in the roof. The next question is whether the applicable limitation period had run before suit was filed on behalf of Vaughn.

### 3. Commencement of Suit

Austin concedes that under *Certain-Teed Products Corp. v. Bell, supra,* a suit for breach of an implied warranty arising from a written contract is governed by the four-year statute of limitation, Tex.Rev.Civ.Stat. Ann. art. 5527 (Vernon 1958). In support of its defense of limitation, however, Austin points out that the original petition filed on November 3, 1975 was filed by Steck-Warlick Company, a subsidiary of Vaughn, that leave was not granted to substitute Vaughn formally as plaintiff until January 10, 1977, and that Vaughn was not formally substituted as plaintiff until an amended petition was filed on July 11, 1977.

■ We overrule this contention. The record shows that on October 25, 1976, within the four-year period, Steck-Warlick filed an amended petition alleging that the suit was brought for itself and on behalf of Vaughn, and on the same date Vaughn filed a petition in intervention adopting the pleadings of Steck-Warlick and asserting that it sought no relief independent of Steck-Warlick's suit.

■ When a suit is brought in the name of a nominal plaintiff for the benefit of another, the substitution of the real plaintiff by amendment is not the beginning of a new suit. *Medford v. Red River County,* 84 S.W.2d 345, 352 (Tex.Civ.App.— El Paso 1935, no writ). Thus, an amended petition substituting the real party after

the period has run is not subject to a plea of limitation when the nature of the suit as against the defendant is the same. *Marek v. Goldsum,* 243 S.W.2d 461, 463 (Tex.Civ. App.—Galveston 1951, no writ); *Medford v. Red River County, supra* at 351–53; *Howard v. Stahl,* 211 S.W. 826, 829–30 (Tex.Civ. App.—Amarillo 1919, no writ). In the present case the amended petition which made Vaughn the formal party plaintiff, though filed on July 11, 1977, more than four years after November 29, 1972, did not change the nature of the suit against Austin. We hold that whether or not the original petition filed in November 1975 may be considered to have been filed on behalf of Vaughn, Steck-Warlick's amended petition and Vaughn's plea in intervention filed in October 1976 had the effect of making the suit one for Vaughn's benefit for the purpose of the statute of limitation. Consequently, the trial court's judgment cannot be sustained on the ground of limitation.

### 4. Vaughn's Standing to Sue

■ Austin contends that the trial court properly denied Vaughn any recovery because Vaughn had no interest in the claim for breach of warranty after selling the building to Steck-Warlick. We hold that Austin cannot raise that question here because it was not raised in the trial court. It was not included in Austin's "motion for judgment and in the alternative for judgment *notwithstanding the verdict*," which was granted by the trial court. In fact, the record shows that Vaughn was substituted as plaintiff for Steck-Warlick because of Austin's objection that Vaughn, rather than Steck-Warlick, was the proper party to enforce the contract. As we have already noted, the suit was originally filed by Steck-Warlick. Austin excepted to Steck-Warlick's petition on the ground that its contract was with Vaughn rather than with Steck-Warlick. The trial court sustained these exceptions. Austin also filed a motion for summary judgment on the ground that the contract was not assignable by either party without the consent of the other and that Austin had never agreed to

any assignment. After these proceedings, Steck-Warlick sought and was granted leave to substitute Vaughn as plaintiff, and an amended petition was filed substituting Vaughn as plaintiff instead of Steck-Warlick.

Under these circumstances we hold that Austin cannot justify the judgment on the ground that Vaughn has no interest in the claim. Several rules of law support this holding. When a party has obtained a judgment adjudicating his rights without raising the question of an opponent's lack of standing, he cannot raise that question on appeal. *Sabine River Authority v. Willis*, 369 S.W.2d 348, 350 (Tex.1963). Also, the parties are restricted on appeal to the theory on which the case was tried in the lower court. *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238, 245 (1942). As a corollary, a litigant cannot assume an attitude on appeal contrary to that taken at the trial. *Boatner v. Providence-Washington Ins. Co.*, 241 S.W. 136, 140 (Tex.Comm'n App.1922, judgmt. adopted); *Texas Rubber Supply, Inc. v. Jetslide Int'l, Inc.*, 470 S.W.2d 270, 272 (Tex.Civ. App.—Tyler 1971, writ ref'd n. r. e.); *Dittoe v. Jones*, 220 S.W.2d 315, 319 (Tex.Civ.App. —Fort Worth 1949, writ ref'd n. r. e.). More particularly, when a change in plaintiffs has been made in the trial court because of the defendant's objection, the defendant is not permitted to raise on appeal the question of whether the first plaintiff rather than the second was the proper party to prosecute the suit. *LeSage v. Smith*, 145 S.W.2d 308, 313 (Tex.Civ.App.—Fort Worth 1940, writ dism'd judgmt. cor.); *Traders & General Ins. Co. v. Davis*, 142 S.W.2d 826, 829 (Tex.Civ.App.—Texarkana 1940, writ dism'd judgmt. cor.). Thus Austin will not be heard to assert on this appeal that the suit should have been prosecuted by Steck-Warlick rather than Vaughn.

### 5. *Damages*

Finally, Austin contends that the record fails to support the jury's finding of damages because Vaughn failed to offer evidence that it sold the building to Steck-Warlick for a lower price than it would have been sold if the warranty had not been breached. We cannot consider this ground in support of the judgment because it is not properly before us. The jury found that the reasonable cost of repairing the defective workmanship and materials was $68,-000. There is expert testimony supporting this figure. As we construe Austin's contention, it does not assert that there is no evidence supporting the finding that the reasonable cost of repairing the defective materials and workmanship was $68,000, but rather that this finding will not support a judgment because the proper measure of damages is the reduction in the selling price of the building. This question is not properly raised because the answer to a damage issue cannot be disregarded on the ground that the issue submitted an erroneous measure of damages. The complaining party must point out the error in an objection to the issue before submission to the jury and must bring the objection forward on appeal by a point or cross-point as a basis for a new trial; otherwise, the objection is waived. *Mowery v. Fantastic Homes, Inc.*, 568 S.W.2d 171, 173 (Tex.Civ.App.—Dallas 1978, no writ); *Pool v. Dickson*, 512 S.W.2d 68, 70 (Tex.Civ.App.—Tyler 1974, no writ). Austin has no cross-point raising such an objection here and does not pray that the cause be remanded for a new trial. Consequently, we have no alternative but to render the judgment that the trial court should have rendered, as required by rule 434 of the Texas Rules of Civil Procedure.

### *Judgment*

The judgment is reversed and judgment is rendered that Vaughn recover from Austin the sum of $68,000, with interest at nine percent from July 26, 1979. All costs are taxed against Austin.

Reversed and rendered.