The AUSTIN COMPANY, Petitioner,

v.

**VAUGHN BUILDING CORPORATION,**
Respondent.

No. C–637.

Supreme Court of Texas.

Oct. 27, 1982.

Rehearing Denied Jan. 12, 1983.

Earl Luna, Dallas, for petitioner.

Stubbeman, McRae, Sealy, Laughlin and Browder, James V. Hammett, Jr. and J. Stockton Williams, Jr., Austin, for respondent.

ON MOTION FOR REHEARING

RAY, Justice.

The original opinion and judgment of this Court dated July 14, 1982, are withdrawn and the following opinion and judgment are substituted.

This is an action by Vaughn Building Corporation against the Austin Company for breach of express and implied warranties contained in a contract to construct a commercial building. The trial court rendered a take-nothing judgment. The court of appeals reversed the judgment of the trial court and rendered judgment that Vaughn recover $68,000 together with post-

judgment interest. 620 S.W.2d 678. We affirm the judgment of the court of appeals.

On April 23, 1968, Vaughn Building Corporation and Austin Company entered into a contract under which Austin Company was to construct a printing plant and office building on land owned by Vaughn in Dallas, Texas. The contract provided that Austin Company was to furnish the plans and specifications. The specifications called for a roof of "[a]ggregate surfaced built-up asphalt water-proofing installed in accordance with the manufacturer's specifications for a 20-year bondable type roof." On January 8, 1969, Vaughn gave its final acceptance of the facility, subject to Austin Company's completion of a number of items, none of which involved the roof. On February 12, 1969, Vaughn Building Corporation leased the facility to its subsidiary, Steck-Warlick Company. The lease provided for a twenty-five year term but was cancelled by agreement on July 1, 1971, the same day Vaughn conveyed the property by general warranty deed to Steck-Warlick.

Even before Steck-Warlick began its occupancy of the facility, the roof leaked whenever it rained. Steck-Warlick gave Austin Company oral notice of the problem and Austin attempted several times to repair the leaks. On January 19, 1970, Robert H. Taylor, Vice-President of Vaughn Building Corporation, wrote a letter to the Austin Company, informing Austin of the continued leaks. The letter stated that Steck-Warlick, the occupant, was looking to Vaughn for repair of the roof and that Vaughn, in turn, was looking to the Austin Company. Following the receipt of this letter, Austin Company made numerous attempts to repair the roof but after each attempt the leaking recurred. All during this period, Austin contended the leaks were due not to a defective roof, but to lack of proper maintenance by Vaughn and Steck-Warlick and to damage to the roof membrane by someone other than itself. Finally, on June 27, 1973, an attorney for Steck-Warlick notified the Austin Company that leaks were recurring more frequently and that to avert an interruption of business, a new roof was needed as soon as possible. Austin Company offered to replace the roof if Steck-Warlick would reimburse it for its costs. Steck-Warlick refused.

On November 3, 1975, Steck-Warlick filed suit against the Austin Company, alleging Austin had breached express and implied warranties regarding the roof. On October 28, 1976, Vaughn Building Company filed a petition in intervention, in which it expressly adopted Steck-Warlick's pleadings. Thereafter, on January 10, 1977, Steck-Warlick asked leave of the court to amend its pleadings to substitute Vaughn Building Corporation as plaintiff in its place. After a hearing on the motion, the trial court found that Steck-Warlick brought suit in behalf of Vaughn and that Vaughn had at all times been the legal owner of the cause of action asserted in the suit. Accordingly, on April 5, 1977, the trial court ordered that Vaughn Building Corporation be substituted as plaintiff in place of Steck-Warlick Company.

Trial was to a jury, which found the following: (1) the roof was defective on January 8, 1969, the date of final acceptance; (2) Vaughn Building Corporation discovered the roof was defective on October 21, 1974; (3) an ordinarily prudent person exercising ordinary care would have discovered the defect on November 29, 1972; (4) the reasonable cost of remedying the defect was $68,000. Austin Company moved for judgment on the verdict, contending that the jury's finding that an ordinarily prudent person would have discovered the defect in November of 1972 conclusively demonstrated that the four-year statute of limitations had run by the time Vaughn, the true party in interest, was substituted as plaintiff. In the alternative, Austin Company asked for judgment *non obstante veredicto*. The trial court rendered judgment for Austin Company, stating that the jury's verdict "was for the defendant and against the plaintiff." The trial court apparently agreed with Austin Company that limitations had run as to Vaughn's cause of action. The court also stated there was no

evidence or, alternatively, insufficient evidence to sustain the findings in Vaughn's favor.

The court of appeals disagreed that Vaughn's cause of action was barred by limitations. It held that the jury findings supported Vaughn's recovery for breach of an implied warranty of fitness for a particular purpose. Accordingly, the court of appeals reversed the judgment of the trial court and rendered judgment that Vaughn recover $68,000 plus post-judgment interest.

The construction contract contained the following express warranty:

> Austin guarantees the work against defective workmanship and material for one year from the date of completion of the work as follows: Upon written notice of any such defects, Austin will either make necessary repairs or at its option request Owner to make such repairs, all at Austin's expense.

The court of appeals, because of its holding that Vaughn could recover under the implied warranty, found it unnecessary to consider the several points of error in which Vaughn argued it was entitled to recovery under the express one-year warranty. Vaughn asserts in this Court, by way of cross-point, that the district court erred in not allowing it to recover under the express warranty. We choose to decide the case on express warranty grounds and do not address the question of whether a commercial construction contract contains an implied warranty of fitness.

■ Vaughn did not give Austin Company written notice of the leaky roof until January 19, 1970, one year and eleven days after its final acceptance of the structure. Austin Company argues that the express warranty required Vaughn to give written notice of any defect within one year of the date of completion. (In their briefs in the court of appeals, both parties treat the date of final acceptance, January 8, 1969, as the date of completion). Vaughn argues that the warranty did not require written notice within one year of completion, only that the defect arise within one year. Applying the rule that "a writing is generally construed most strictly against its author and in such a manner as to reach a reasonable result consistent with the apparent intent of the parties," we determine that the warranty provision does not require written notice within one year. *Republic National Bank of Dallas v. Northwest National Bank of Ft. Worth*, 578 S.W.2d 109, 115 (Tex.1978).

■ The express warranty, so construed, does not specify a time by which the owner must give written notice of defects. In such a case, the law implies a reasonable time limit. *Palmer v. Katz*, 210 S.W.2d 451, 454 (Tex.Civ.App.—Eastland 1948, writ ref'd n.r.e.). The record does not show how Austin Company was harmed by Vaughn's delay in sending written notice of the defects. Indeed, Austin Company, before it ever received written notice, sent men to repair the leaks. We are convinced, therefore, that Vaughn gave written notice of the leaks within a reasonable time after they arose, and that it thereby satisfied the notice requirement contained in the warranty.

■ Austin Company asserts that Vaughn's claim is barred by Tex.Rev.Civ. Stat.Ann. art. 5527, the four-year statute of limitations. The jury found that an ordinarily prudent person exercising ordinary care would have discovered the defect on November 29, 1972. The court of appeals treated this as the date on which limitations began to run as to Vaughn's cause of action for breach of the implied warranty. This was not, however, the date limitations began to run as to Vaughn's cause of action for breach of the express warranty.

The express warranty provided that "[u]pon written notice of any ... defects, Austin will either make necessary repairs or at its option request Owner to make such repairs, all at Austin's expense." This provision was breached not when Austin placed a defective roof on the building, but when it refused to repair the defects once it had been notified of their existence. The record demonstrates that Austin Company attempted to repair the roof both before and after it received written notice of the leaks.

Despite the attempted repairs, leaking recurred with almost every rain. Austin made its last repairs on May 15, 1973, and leaking recurred on June 5. On June 27, Vaughn's attorney wrote Austin Company that leaking was occurring with such frequency that a new roof was necessary to avert interruption of business at the facility. Austin Company replied on July 6 that it would replace the roof if Vaughn agreed to reimburse it for the cost. This was the first time Austin Company refused to repair the roof at its own cost, as the warranty required. We hold, therefore, that Vaughn's cause of action accrued and limitations began to run on July 6, 1973. Vaughn filed its petition in intervention on October 28, 1976, within the four-year limitations period.

■ Austin Company argues that the court of appeals erred in rendering judgment for $68,000 because (1) there is no evidence to support such a recovery and (2) Vaughn pleaded only $62,771.53 in damages. Austin Company asserted these two points for the first time in its motion for rehearing in the court of appeals. It has waived these points by failing to assert them sooner.

The trial court's take-nothing judgment, as we construe it, was based on two grounds: (1) limitations had run as to Vaughn's cause of action and (2) there was no evidence or, alternatively, insufficient evidence to support the findings in Vaughn's favor. Thus, the trial court rendered judgment *non obstante veredicto* as to the jury's finding of $68,000 in damages. When the trial court renders judgment *non obstante veredicto* and the losing party appeals, Tex.R.Civ.Pro. 324 requires the appellee to assert in cross-points to the court of appeals any ground that would vitiate the jury's verdict. The appellee is deemed to have waived any ground not so asserted. In the instant case, Austin Company did not file cross-points stating grounds that would have vitiated the jury's verdict. It is therefore deemed to have waived any ground for attacking the jury verdict.

Because of our holding concerning the express warranty, we do not find it necessary to consider Austin Company's several points of error concerning Vaughn's recovery on an implied warranty theory.

Accordingly, we affirm the judgment of the court of appeals. The Austin Company's original motion for rehearing is overruled.