

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00701-CV

**GLOBAL GENERAL CONSTRUCTION SERVICES, LLC**,
Appellant

v.

Ramona **JONES**,
Appellee

From the County Court at Law No. 1, Travis County, Texas
Trial Court No. C-1-CV-12-002293
Honorable J. David Phillips, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 8, 2013

AFFIRMED

This appeal stems from a roof replacement on Ramona Jones's home performed by Global General Construction Services, LLC (Global).  Jones sued in small claims court, and the court granted Global's motion for summary judgment based on the statute of limitations.  Jones appealed to the county court at law, which conducted a trial de novo and ruled in favor of Jones.  Global appeals the judgment of the county court, asserting two points of error: (1) Jones's cause of action was barred by the statute of limitations; and (2) the county court erred in admitting

alleged hearsay evidence while improperly utilizing small claims court procedures on appeal from the small claims court's decision. We affirm the county court's judgment.

## BACKGROUND

In July of 2005, Jones and Global entered into a contract for the replacement of Jones's roof, and Global replaced the roof in October of 2005. The roofing contract provided for a ten-year labor warranty. In January of 2007, the roof began to leak due to missing shingles, so Jones contacted Global and requested that repairs be made. After several phone calls, someone from Global repaired the leak in Jones's roof in the spring of 2007. In 2009, more shingles fell off of Jones's roof and, again, Global made repairs. In March of 2011, Jones again noticed that shingles had fallen off the back of her roof, and she made several phone calls to Global requesting that the roof be repaired. Sometime around May of 2011, Global placed a tarp on Jones's roof to remedy leaking caused by the missing shingles.

The tarp was a temporary solution while Global attempted to file a claim for defective shingles/adhesive with the alleged shingle manufacturer, CertainTeed. In order to do this, Global sent CertainTeed a sample shingle. CertainTeed, however, responded that the shingle submitted was not made by its company. Global told Jones it had accidently pulled one of the replacement shingles instead of a shingle from the original 2005 roof installation, and that Global would get the proper shingle sample and send it to CertainTeed. There is no evidence that Global attempted to gather the proper shingle or contact CertainTeed again. There is also no evidence that Global attempted to do any further repair to Jones's roof after placing a tarp on it.

Global refused to perform further repairs unless Jones filed an insurance claim, so Jones began gathering estimates for the roof repairs from other companies in June and July of 2011. The reports accompanying the price estimates reflected problems with the installation of and workmanship on the roof. In October of 2011, Jones filed suit in small claims court, alleging

breach of contract, breach of warranty, DTPA violations, and negligence. Global filed a motion for summary judgment, asserting that Jones's claims were barred by various statutes of limitations. The small claims court granted Global's motion for summary judgment. Jones then appealed the small claims court's decision to the county court, which denied Global's motion for summary judgment. The county court held a de novo bench trial and found in favor of Jones on her breach of contract and breach of warranty claims. Global now appeals the judgment of the county court.

## STATUTE OF LIMITATIONS

In its first point of error, Global complains that the trial court erred in denying Global's motion for summary judgment based on the statute of limitations. A trial court's denial of a summary judgment motion, however, is ordinarily not appealable because it is not a final judgment. *City of Houston v. Kilburn*, 849 S.W.2d 810, 811 (Tex. 1993) (per curiam); *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex. 1980). Thus, we will construe Global's complaint on appeal as simply alleging that the suit was barred by the statute of limitations.[1] Although Jones's petition alleged four causes of action—negligence, DTPA, breach of contract, and breach of warranty—and Global argues that all four are barred, we will only address the statute of limitations for the breach of warranty and breach of contract claims since the county court's judgment was based only upon these claims.

"Generally, when a cause of action accrues is a question of law." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A breach-of-contract claim has a four-year statute of limitations. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (per curiam) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008)). "It is well-settled law that a

---

[1] *See* TEX. R. APP. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.").

breach of contract claim accrues when the contract is breached." *Id.* (citing *Smith v. Fairbanks, Morse & Co.*, 102 S.W. 908, 909 (1907)). Breach-of-express-warranty causes of action also have a four-year statute of limitations. *Austin Co. v. Vaughn Bldg. Corp.*, 643 S.W.2d 113, 115–16 (Tex. 1982). In this case, the warranty was an express ten-year labor warranty. The statute of limitations for breach of an express warranty to repair accrues when the warranting party refuses to perform the necessary repairs.[2] *Id.* at 116; *see also PPG Indus., Inc. v. JMB/Houston Ctrs. Partners LP*, 146 S.W.3d 79, 96 (Tex. 2004).

In *Austin Co. v. Vaughn Building Corp.*, Austin Company provided a one-year warranty for necessary repairs at no cost to Vaughn. 643 S.W.2d at 115. Much like this case, Austin Company made repairs, attempting to fix the problem, but to no avail. *Id.* at 115–16. Eventually, contrary to the warranty, Austin Company refused to make further repairs at its own expense. *Id.* at 116. The Texas Supreme Court held that the four-year statute of limitations accrued and began to run when Austin Company refused to make additional repairs. *Id.* This delayed accrual will occur only when the breach of a warranty to repair or the like is the basis of the suit. *PPG Indus.*, 146 S.W.3d at 96.

In furtherance of the ten-year warranty in the case at hand, Global many times attempted to repair Jones's roof. However, after continued leaks, in May of 2011, Global simply placed a tarp on Jones's roof and failed to provide further promised labor to complete the repair. In fact, recognizing that Global said it would pull a correct sample shingle after sending CertainTeed the wrong one, the trial court stated that "it looks like [Global] just kind of gave up." The trial court observed that the lawsuit was not filed until about six months after Global sent the wrong shingle to CertainTeed, and that Global could have obtained a correct sample shingle and sent it during

---

[2] Although Jones did not specifically plead breach of the express ten-year labor warranty, a review of the record reveals that the issue was tried by consent. *See* TEX. R. CIV. P. 67; *Cont'l Homes of Tex., LP v. City of San Antonio*, 275 S.W.3d 9, 16 (Tex. App.—San Antonio 2008, pet. denied).

this time. Subsequently, the trial court stated: "I don't think that's very good faith compliance with a warranty and service to a customer." Similarly, Global's owner, Burl Hause, testified that labor and repairs were a "service call" and "part of the contract." Thus, the four-year statutes of limitations for breach of warranty and breach of contract did not begin to run until, at the earliest, May of 2011. This suit was filed in October of 2011, so Jones's claim was not barred by the statute of limitations.

**THE USE OF SMALL CLAIMS COURT PROCEDURES**

In its second point of error, Global contends the county court erred in utilizing small claims court procedures during its de novo review of the small claims court's decision. Specifically, Global argues that the county court's use of the more relaxed small claims court procedures resulted in the improper admission of hearsay evidence, without which the evidence would be insufficient to sustain Jones's claim.

### A. *The Propriety of Using Small Claims Court Procedures*

Jones argues that the county court did not err in using small claims court procedures because it was following the local rules for Travis County courts at law. Jones, however, does not cite a local rule permitting county courts to use small claims procedures on appeal. Instead, Jones points to the Travis County Courts at Law (Civil) Quick Reference Guide, which states the following regarding rules of procedure and evidence on appeal from a small claims court:

> In appeals from the Small Claims court, the rules of evidence and procedure apply but are somewhat relaxed as directed by Rule 101(b) of the Texas Rules of Evidence and **[sections] 28.033**, **28.034**, and **28.053** of the Texas Government Code.

TRAVIS COUNTY COURTS AT LAW (CIVIL) QUICK REFERENCE GUIDE, *available at* http://www.co.travis.tx.us/courts/files/documents_forms/civil/forms_civilcounty/quickref_civilc ounty.pdf. Indeed, the quick reference guide specifically states that the rules of evidence and

procedure are "directed by" the evidentiary and statutory rules listed. *Id.* Nonetheless, even if the local rules for Travis County courts at law could be construed to allow relaxed evidentiary and procedural rules on appeal from a small claims court, section 28.053 of the Government Code trumps the application of the local rules. *See Starnes v. Holloway*, 779 S.W.2d 86, 96 (Tex. App.—Dallas 1989, writ denied) (declaring that the Texas Constitution and the Texas Rules of Civil Procedure will control over any conflicting local rule); *see also* TEX. R. CIV. P. 3a & cmt. (precluding the "use of unpublished local rules or . . . local practices to determine issues of substantive merit" when such practices conflict with Texas Rules of Civil Procedure).

Section 28.053 of the Texas Government Code addresses the procedures to be followed in an appeal of a small claims court decision to a county court. TEX. GOV'T CODE ANN. § 28.053 (West Supp. 2012). Therefore, section 28.053 guides our review of the rules governing county courts on appeal from a small claims court.

The current version of section 28.053 is titled "De Novo Trial on Appeal" and provides:

(a)     The county court or county court at law shall dispose of small claims appeals with all convenient speed.

(b)     Trial on appeal to the county court or county court at law is de novo. No further pleadings are required.

(c)     All costs not previously paid by the parties accrue until judgment is rendered on the appeal.

(d)     A person may appeal the final judgment of the county court or county court at law on the appeal to the court of appeals.

TEX. GOV'T CODE ANN. § 28.053 (West Supp. 2012). Jones relies on subsection (a)'s command to "dispose of claims with all convenient speed" as authority for the county court's use of small claims court procedures because this language is similar to that used in statutes governing small claims courts. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 28.033, 28.034 (West 2004). In light of the statutory history discussed below, however, we cannot conclude that requiring a speedy

disposition allows county courts to disregard evidentiary and procedural rules on appeal from a small claims court's decision.

As Global points out, section 28.053 was amended in 2009.[3]  *See* Act of June 19, 2009, 81st Leg., R.S., ch. 1351, §§ 8, 9, 2009 TEX. GEN. LAWS 4274, 4274.  Subsection (b) of the prior statute stated: "Trial on appeal is de novo.  No further pleadings are required and *the procedure is the same as in small claims court*."  Act of May 2, 1985, 69th Leg., R.S., ch. 480, § 1, 1985 TEX. GEN LAWS 1720, 1816 (amended 2009) (current version at TEX. GOV'T CODE ANN. § 28.053(b) (West Supp. 2012)).  The Legislature's deletion of the phrase "the procedure is the same as in small claims court" was a deliberate choice, which reveals the Legislature's intent that small claims court procedures not be used on appeal to county courts.  *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) (explaining that when reviewing amended statutes, "we presume that deletions are intentional" and "we should be particularly unwilling to reinsert language that the Legislature has elected to delete").  Thus, we conclude that county courts are not permitted to disregard evidentiary and procedural rules in accordance with small claims court procedure.

### B. *The Admission of Hearsay Evidence*

At trial, Global objected to the admission of price estimates and quality reports prepared by other roofing companies, and to the admission of receipts for repairs made inside the house in connection with the leaks.  The basis of all of these objections was that these exhibits were inadmissible hearsay and, specifically, that they were business records being introduced without

---

[3] In addition to the amendment discussed in detail in this opinion, this statute was also amended to allow parties to appeal the judgment of the county court to the court of appeals.  TEX. GOV'T CODE ANN. § 28.053(d) (West Supp. 2012).  This court's cases decided under the prior statute and holding that we lack jurisdiction to review county court decisions on appeal from a small claims court are no longer valid in view of the statutory amendment.  *See, e.g.*, *Oropeza v. Valdez*, 53 S.W.3d 410 (Tex. App.—San Antonio 2001, no pet.).

a proper predicate for their admission. Declaring that it was using small claims court procedures, the county court overruled the objections and admitted the evidence.

On appeal, Global maintains its claim that the county court erred in admitting the alleged hearsay reports and price estimates created by other roofing companies. *See* TEX. R. EVID. 801(d). Global acknowledges that the exhibits could likely fall under the hearsay exception for "Records of Regularly Conducted Activity," but contends that Jones did not introduce the exhibits through a custodian or qualified witness, or have a proper affidavit as is required for the exception to apply. *See* TEX. R. EVID. 803(6). Further, Global asserts that without these exhibits, the evidence was insufficient to show that Global's workmanship was defective.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005) (per curiam). An abuse of discretion occurs when the trial court acts without reference to guiding rules or principles. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). However, even if the trial court abuses its discretion, a reviewing court must not reverse the judgment unless the error: "(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1; *Harris Cnty. v. Smith*, 96 S.W.3d 230, 234–35 (Tex. 2002). When determining whether the erroneous admission of evidence is harmful, "we review the entire record[] and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted." *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004). We will also consider whether the erroneously admitted evidence was used specifically to overcome contrary evidence. *Id.* The erroneous admission of evidence will be deemed harmless if it is cumulative of other evidence presented. *Id.* Generally, "whether erroneous admission is harmful is more a matter of judgment than precise measurement." *Id.*

Assuming, without deciding, that the complained of exhibits were inadmissible hearsay that were improperly admitted into evidence, we conclude that the admission of the exhibits was not reversible error. The county court based its judgment on a breach of the contract and the ten-year labor warranty. The judgment was not based on the nature of Global's workmanship but, instead, on the fact that repairs were needed and that, contrary to Global's warranty and statements to Jones that steps would be taken to make those repairs, Global stopped making attempts to repair the roof. Even if we disregard the complained of exhibits, the record still contains sufficient evidence to support the judgment.

Global did not object to or dispute any of Jones's testimony regarding the many instances where shingles fell off of her roof, the multiple instances of leaks into her home, the fact that a temporary tarp had been left on her roof by Global, or Global's statement to her that it would send a correct sample shingle to CertainTeed and pursue that avenue of repair/recovery for her. Further, Jones testified about the following exhibits that were admitted without objection: (1) a receipt for repairs done inside her home as a result of the roof leaks; and (2) her bank statement showing checks made for repairs, inspections, and a replacement tarp for the roof.

Global's owner and expert witness, Burl Hause, admitted that requests for repairs are "a service call [and] . . . part of the contract." Hause also recognized that the roof needed to be replaced, from which the trial court could infer that it was in a state of disrepair. *See In re E.N.C.*, 384 S.W.3d 796, 804 (Tex. 2012) (stating that a trier of fact is permitted to draw reasonable and logical inferences). Additionally, Hause acknowledged that shingles were continuously coming off of the roof and that missing shingles is not a common occurrence among roofs that were replaced only two years earlier.

Because the fact finder, the trial judge in this case, is the sole judge of the credibility of the witnesses, we must accord proper deference to its findings when there is evidence in the

record to support the judgment. *See Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 567 (Tex. 2000) (explaining that the fact finder is the sole judge of credibility and is free to resolve inconsistencies in the testimony). Accordingly, we conclude that the erroneous admission of inadmissible hearsay evidence did not constitute reversible error.

Global also briefly argues that Jones was required to produce expert testimony on Global's workmanship in order to meet her burden of proof. "Expert testimony is required when an issue involves matters beyond [the fact finder's] common understanding." *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). As discussed above, however, the trial court's judgment was not based on the quality of Global's work but, instead, on Global's refusal to comply with its ten-year labor warranty. Because this issue was not beyond a layperson's common understanding and for the same reasons explained above, this argument is without merit.

## CONCLUSION

Because the statute of limitations did not accrue until Global stopped making repairs, Jones's causes of action are not barred by the statute of limitations. Additionally, the county court's use of small claims court procedures was improper. But, even assuming those procedures resulted in the erroneous admission of inadmissible hearsay evidence, based on the evidence that was presented without objection, we conclude that the erroneous admission of the hearsay evidence did not result in reversible error. Therefore, we overrule Global's points of error and affirm the judgment of the county court.

Catherine Stone, Chief Justice