ACCEPTED
13-14-00462-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/27/2015 4:43:11 PM
DORIAN RAMIREZ
CLERK

## CAUSE NO. 13-14-00462-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS FOR THE THIRTEENTH COURT OF APPEALS DISTRICT OF TEXAS, CORPUS CHRISTI-EDINBURG, TEXAS

---

## ALAMO HOME FINANCE, INC. AND GONZALEZ FINANCIAL HOLDINGS, INC.,
### Appellants

## VS.

## MARIO DURAN AND MARIA DURAN,
### Appellees

## ON APPEAL FROM THE 92ND JUDICIAL DISTRICT COURT OF HIDALGO COUNTY, TEXAS
## CAUSE NO. C-265-09-A

---

## APPELLANT'S REPLY BRIEF TO "BRIEF OF APPELLEES MARIO DURAN AND MARIA DURAN AS TO ALAMO HOME FINANCE, INC."

---

TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF APPEALS OF THE STATE OF TEXAS, CORPUS CHRISTI/EDINBURG, TEXAS:

NOW COMES ALAMO HOME FINANCE, INC. ("ALAMO"), Appellant, and files this its Reply Brief to "Brief of Appellees Mario Duran and Maria Duran As To Alamo Home Finance, Inc." pursuant to Rules 38.3 and 38.6(c), Tex. R. App. P.; and

1

in support thereof would respectfully show this Honorable Court as follows:

## I.

## ALAMO IS NOT PRECLUDED FROM CHALLENGING ON APPEAL THE *IN PERSONAM* JURISDICTION OF THE TRIAL COURT

Under the headings that "Appellant has clearly failed to preserve error", and

that it "cannot switch horses mid-stream" (Appellees' Brief, at 9), Appellees urge that

ALAMO may not now challenge the underlying service of citation:

> Before the trial court, Tax Lender [ALAMO] took the position that its registered agent was properly served: "*Movant admits that its registered agent, Corporation Service Company d/b/a CSA-Lawyers Incorporated Service Company was properly served with citation.*" C.R. 41 (emphasis added). Before this Court, [ALAMO] now asserts that it was not properly served. Regardless of the merits, one problem exists with [ALAMO's] current lack of service arguments: in law, just as in life, a litigant cannot switch horses in mid-stream [citations omitted].
>
> It is well settled that parties are restricted on appeal to the theory upon which the case was tried in the lower court [citations omitted]. Thus, "it is well settled that a case will not be reviewed by the appellate court on a different theory from that on which it was tried" [citing ***Tex-Hio Partnership v. Garner***, 106 S.W.3d 886, 896 (Tex. App.-Dallas 2003, no pet.)]...
>
> ...
>
> A party cannot complain of errors before the appellate court, without first having complained before the trial court...If an appellant complains of trial court errors for the first time on appeal, such complaints are not present before the reviewing court [citations omitted]...

*Id.*, at 10-12.

2

One of the problems with this argument is that there is not one iota of legal authority to back it up in the context of this case. While it is generally true that "parties are restricted on appeal to the theory upon which the case was tried in the lower court", *this case was not tried in the lower court*—and Appellees, since the default judgment was entered, have been doing everything in their power (or almost everything in their power, short of filing timely briefs) to prevent the case from being tried in the lower court. A mere precatory clause of one sentence in the original motion for new trial, which was filed by ALAMO's previous attorney, does not constitute trial of the case in the lower court. The fact that the original motion for new trial involved only the **Craddock** ground, while the instant appeal involves both **Craddock** and jurisdictional grounds, most certainly does not suggest an "inconsistency" of approach, since ALAMO has never asked for, has never received, and does not expect to receive any form of relief *based on the proposition that service of citation in the lower court was proper*. Quite the contrary: service was improper to the point of being non-existent. ALAMO's original motion for new trial was simply neutral on the matter of *in personam* jurisdiction, which points up the fact that the real issue here is preservation of error (as further discussed below), rather than "changing horses in mid-stream."

Most assuredly none of the cases cited by Appellees in their brief support their

3

position here. In *Davis v. Campbell,* 572 S.W.2d 660 (Tex. 1978) the Texas Supreme Court simply observed, unremarkably, that "[p]arties are restricted on appeal to the theory on which the case was tried", and it said this in the context of analyzing an actual theory on which the case *had been tried to a jury. Davis,* at 661-662. So too *Mitchell Energy Corporation v. Bartlett,* 958 S.W.2d 430 (Tex. App.-Fort Worth 1997, writ denied) involved a theory of damages actually tried to a jury, and included the observation that "[h]aving elected to submit their case on the theory of permanent injury to property, and having received an award based on that theory, appellees are limited to that theory on appeal." *Mitchell Energy,* at 444.

To like effect are *Tex-Hio Partnership v. Garner,* 106 S.W.3d 886, 896 (Tex. App.-Dallas 2003, no pet.) ("It is well settled that a case will not be reviewed by the appellate court on a different theory from that on which it was tried"); *Boatner v. Providence-Washington Insurance Company,* 241 S.W. 136, 140 (Tex. Comm'n. App. 1922, judgment adopted) ("The law forbids the assumption of an attitude on appeal inconsistent with that taken at the trial, and on appeal litigants are restricted to the theory upon which the cause was prosecuted or defended in the court below"); *Vaughn Building Corporation v. Austin Company,* 620 S.W.2d 678, 683 (Tex. Civ. App.-Dallas 1981), *affirmed,* 643 S.W.2d 113 (Tex. 1982) ("[T]he parties are restricted on appeal to the theory on which the case was tried in the lower court...As

4

a corollary, a litigant cannot assume an attitude on appeal contrary to that taken at the trial [citing *Boatner, supra*]"); and *Trinity Universal Insurance Company v. Brainard*, 153 S.W.3d 508, 513 (Tex. App.-Amarillo 2004, *modified on other grounds*, 216 S.W.3d 809 (Tex. 2006) ("However, on appeal, parties are restricted to the theory on which the case was tried.").

It should be noted that Appellees do *not* urge (nor is it the case) that this throw-away line by ALAMO's former counsel constitutes a "judicial admission." Of course, even were we to assume *arguendo* that this line constitutes an admission of being "properly served", it would be an admission *only* of having been "properly served" with Plaintiffs' Original Petition (not with Plaintiffs' Second Amended Petition), which, as discussed in Appellant's Brief, the process server and Appellees' own counsel freely and expressly admit was the case[1]; again as discussed, Plaintiffs' Original Petition herein does not name, purport to name, or attempt to name ALAMO or any one affiliated with ALAMO as a Defendant in the case, such that ALAMO would not have been required to respond to such "proper service" in any event.

However, it would not be necessary to reach that point even if Appellees had raised it in their brief because this line is *not* a judicial admission, nor could it be—it was superceded by ALAMO's First Amended Motion for New Trial filed on August

---

[1]Brief of Appellant ALAMO HOME FINANCE, INC., at 4, 5, App. I; R.R., at 10.

5

11, 2014 (C.R., at 49), which not only omits this line but expressly challenges the trial court's *in personam* jurisdiction. It is of course axiomatic that, even were we to extend Appellees the courtesy of considering former counsel's line as being one contained in a "pleading", it is well settled that "although the pleadings in a case are regarded as judicial admissions, when a pleading has been abandoned, superceded, or amended it ceases to be a judicial pleading and ceases to be a judicial admission." *Leonard v. Coastal States Crude Gathering Company*, 2003 WL 21067090 (Tex. App.-San Antonio 2003, no pet.), at *6; *see also Drake Insurance Company v. King*, 606 S.W.2d 812, 817 (Tex. 1980) (pointing out that if a pleading is amended, statements in the pleading cease to be judicial admissions) and *Kirby Highland Lakes Surgery Center, LLP v. Kirby*, 183 S.W.3d 891, 903 (Tex. App.-Austin 2006, no pet.) (citing *Drake, supra*, for this proposition, at fn. 4).

Appellees point out that, pursuant to Rule 329b(b), Tex. R. Civ. P., "[o]ne or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within thirty days after the judgment or other order complained of is signed", and that ALAMO's First Amended Motion for New Trial—even though filed during the period of the trial court's plenary jurisdiction—is untimely under that rule. Fair enough—but that goes *only* to the issue of whether the amended motion preserves error. As the Texas

6

Supreme Court observed in *Jackson v. Van Winkle*, 660 S.W.2d 807 (Tex. 1983), "[w]hether a late-filed motion for new trial will be considered is within the discretion of the trial court." *Jackson*, at 808. The Court later overruled *Jackson in part* in the case of *Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003), holding that "[a] trial court's order overruling an untimely new trial motion cannot be the basis of appellate review" but that "the trial court may, at its discretion, consider the grounds raised in an untimely motion and grant a new trial under its inherent authority before the court loses plenary power [citing *Jackson, supra*]". *Moritz*, at 720. And the Court specifically pointed out that "[w]e overrule *Jackson* only to the extent that it allows appellate review of a trial court's decision to deny an untimely new trial motion." *Id.*, at 721.

In other words, an untimely amended motion for new trial is not "void"—if it were, the trial court would not have discretion to consider the grounds raised in it, as the Texas Supreme Court expressly states it does. However, since no new trial was granted here, we must return to what Appellees themselves concede (Appellees' Brief, at 10, 16) is the core issue: whether the rules regarding preservation of error preclude the consideration of *in personam* jurisdiction, and specifically the defects of service, in the instant appeal.

Fortunately Texas law guides us quite plainly on this point. In *Garduza v.*

7

*Castillo*, 2014 WL 2921650 (Tex. App.-Dallas 2014, no pet.) the appellant challenged a default divorce decree based on an amended pleading with which he had not been served. The appellant was *pro se* at trial and during certain post-trial proceedings leading up to his appeal; he filed a form motion for new trial but failed to raise any arguments regarding service until the appellate phase. The appellate court nonetheless reversed, rejecting the appellee's argument that there had been a failure to preserve error. The court acknowledged that ordinarily under Rule 33.1, Tex. R. App. P. a party must present to the trial court a timely request, motion or objection, state the specific grounds therefor, and obtain a ruling. *Garduza*, at *3 (citing to *In re LMI*, 119 S.W.3d 707, 711 (Tex. 2003)). The court further observed, however, that the issue of defective service of citation can properly be raised *for the first time on appeal. Id.* (citing *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990); *Benefit Planners, LLP v. RenCare, Ltd.*, 81 S.W.3d 855, 857-858 (Tex. App.-San Antonio 2002, pet. denied)). So too in *Lee Hoffpauir, Inc. v. Kretz*, 431 S.W.3d 776 (Tex. App.-Austin 2014, no pet.) the appellate court considered a challenge to a default judgment rendered in an underlying action involving theories of negligence, breach of contract, and DTPA violations. The plaintiffs, Kenneth Kretz and Elayne Kretz, attempted to serve defendant Lee Hoffpauir, Inc. ("Hoffpauir") through the district clerk's office via registered or certified mail. The return of service and

8

attached "green card" reflected the name and signature of a Ms. Alice Bird, although the registered agent for service of process was Mr. Lee Hoffpauir, the defendant's principal. The court observed that "it is undisputed that she [Bird] is the office manager for Hoffpauir, Inc., but what is significant for this appeal is that she, not Mr. Hoffpauir, signed the card." *Hoffpauir*, at 777-778. There, as here, Hoffpauir did not file an answer, and the Kretzes moved for and obtained a default judgment awarding them over a half million dollars in damages. Hoffpauir thereafter timely filed a motion for new trial with affidavits intended to establish the *Craddock* elements, but did *not* initially complain of defective service. The district court, without a hearing, denied the motion, and Hoffpauir appealed. *Id.*, at 778.

The appellate court reversed. Without reaching the *Craddock* points, the appellate court agreed with Hoffpauir that service was defective in several respects, and it dismissed the Kretz' argument that Hoffpauir had waived this basis for challenging the judgment by not asserting it in the motion for new trial. *Id.*

In that regard the appellate court returned, as so many Texas courts have, to the Texas Supreme Court's 1990 decision in *Wilson, supra,* and that opinion's excellent exegesis of the importance of strict adherence to the rules regarding service of citation. As explained in *Hoffpauir*:

*Wilson* involved a no-answer default judgment taken against a defendant

9

who had been served through substituted service and who had actually received the citation and suit papers, but the substituted service had not been obtained in compliance with Texas Rule of Civil Procedure 106(b). As in the present case, the defendant (Dunn) filed a motion for new trial that did not complain about defective service but raised the issue on appeal.

The Texas Supreme Court held that defective service required reversal of the default judgment, observing that "[f]or well over a century the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict conformity with applicable requirements." Nor did Dunn's actual notice of the citation and petition change the analysis, the supreme court added, because "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him" because "jurisdiction is [instead] dependent upon citation issued and served in a manner provided for by law." Having disposed of these contentions, the supreme court turned to the issue of whether Dunn had been required to preserve his defective-service complaint by raising it in his motion for new trial. The entirety of the court's analysis of that question consisted of the following observation: "Rule 324"—the rule of civil procedure providing that a new trial motion is required to preserve for appeal certain complaints related to factual insufficiency of the evidence or "[a] complaint on which evidence must be heard"—"imposes no such requirement for preservation of such error."

*Id.*, at 778-779 (fns. omitted).

The appellate court further rejected the Kretz' argument that the post-*Wilson* enactment of current Rule 33.1 of the Texas Rules of Appellate Procedure somehow abrogates or supercedes this point in *Wilson*; the Kretzes cited to the appellate court's own holding in *Elite Towing, Inc. v. LSI Financial Group*, 985 S.W.2d 635, 644

(Tex. App.-Austin 1999, no pet.) for the proposition that the 1997 changes to the Texas Rules of Appellate Procedure were intended in part to "require that parties who are unable to preserve error prior to judgment must do so through a post-judgment motion" (even though Rule 324, Tex. R. Civ. P. does not include complaints of defective service leading to a no-answer default judgment among the points that must be raised in a motion for new trial). *Id.*, at 780. The court disagreed, however, pointing out that *Wilson* specifically dealt with a defective service complaint, and—as *Wilson* recognized—"failure to lawfully serve a defendant means that the trial court lacks personal jurisdiction over him or her... ." *Id.* The appellate court concluded that "the current Texas Rules of Appellate Procedure have not abrogated *Wilson's* holding that a defendant may raise a defective service complaint for the first time on appeal, and certainly not where, as here, the plaintiff failed to serve the defendant altogether." *Id.*

Appellees' curious argument, to the effect that recognizing the service and return of citation in this case as the hopelessly bungled job that it was is somehow "unconstitutional", need not long detain us. Appellees do not cite a single case in their brief suggesting that any aspect of the Texas rules regarding service and return of citation is in violation of either the United States or Texas Constitutions. This is understandable, since no case has ever held that these rules give a defendant too much

11

due process, or a plaintiff too little. Indeed, Appellees do not even suggest a particular clause or section of either constitution which is supposed to have been violated. The four pages of Appellees' Brief which are devoted to the constitutional issue are most charitably described as filler.

In short, ALAMO need do nothing more than it already has done to present to this Honorable Court the fatal deficiencies in Appellees' attempted service of citation on it in the underlying case. These defects are fully briefed and discussed in ALAMO's Appellant's Brief herein, and include (but are by means limited to) the unrebutted and unrebuttable failure of Appellees to cause ALAMO or its registered agent to be served with any petition or complaint in which it was named—or, indeed, in which anyone other than Co-Appellant GONZALEZ FINANCIAL HOLDINGS, INC. was named—as a Defendant. The trial court never acquired *in personam* jurisdiction over ALAMO, and the default judgment must be set aside accordingly.

## II.

### ALAMO IS ENTITLED TO A NEW TRIAL UNDER THE *CRADDOCK* STANDARDS

Appellees urge that "[w]hile Tax Lender [ALAMO] claims it did not act with conscious indifference, Home Owner [Appellees] initially questions whether it has properly briefed this issue. It has completely failed to discuss or otherwise explain

12

what legally constitutes legal indifference, sufficient to warrant a new trial." Appellees' Brief, at 35. This argument is not only meritless, but borders on the specious.

ALAMO set forth plainly and succinctly the absence of conscious indifference on its part, and that of its principal Mr. Augustus Arellano, as follows:

> On Monday, June 16, 2014 ALAMO filed its Motion for New Trial and its affidavit in support thereof. C.R., at 39-46, 47-48 (App. III). The affidavit attached in support of this motion was that of Mr. Augustus Arellano, President of ALAMO, who stated under oath that he first learned of the underlying lawsuit by DURAN on or about June 4, 2014 when he received a copy of the final default judgment from the Hidalgo County District Clerk, prior to which he had no knowledge that this lawsuit was pending against ALAMO; he had received no correspondence from ALAMO's registered agent informing ALAMO of the lawsuit. Thus, the failure of ALAMO to answer or otherwise appear in the case prior to the entry of the default judgment against it was a *bona fide* accident or a mistake, and not intentional or the result of conscious indifference...

Appellant's Brief, at 5-6. And:

> The uncontradicted affidavit of Mr. Arellano, ALAMO's principal, clearly establishes the absence of intent or conscious indifference in ALAMO's "failure" to appear prior to the entry of a default judgment—ALAMO had no notice whatsoever of the fact that it had been sued. Indeed, even if we were to indulge in the fiction that ALAMO had been properly "served" by serving Corporation Service Company as its registered agent, notwithstanding the numerous discrepancies discussed hereinabove, *and* that that service was sufficient without the instruments of citation even having been forwarded to ALAMO, it would avail DURAN nothing: again, ALAMO would have been *constructively* informed only of the pendency of a lawsuit between

13

DURAN and GONZALEZ, involving no other parties whatsoever. The first prong of *Craddock* clearly is satisfied.

*Id.*, at 16. Appellees' suggestion that ALAMO has not adequately addressed the matter of "conscious indifference" is simply not to be taken seriously.

No stronger, of course, is Appellees' following argument: "Apparently completely unknown to Tax Lender [ALAMO], when a defaulting defendant's excuse is his reliance on an agent, he must demonstrate that *both* he *and his agent* were free of conscious indifference." Appellees' Brief, at 38 (emphasis in the original), citing to *Memorial Hospital System v. Fisher Insurance Agency, Inc.*, 835 S.W.2d 645 (Tex. App.-Houston [14th Dist.] 1992, no writ) and this Honorable Court's opinion in *Sharm, Inc. v. Martinez*, 900 S.W.2d 777 (Tex. App.-Corpus Christi 1995, no writ).[2] Appellees go so far as to offer the following lengthy quote from *Memorial Hospital* regarding their contention:

> When a party relies on an agent or representative to file an answer, the party must establish that the failure to answer was not intentional or the result of conscious indifference of either the party or the agent. Thus, the movant cannot be relieved from a default judgment on the ground that it turned the petition over to its insurer and relied upon the insurer to file an answer, in the absence of showing why the insurer failed to answer. Fisher offers no reasonable explanation of why its insurance carrier failed to represent its interest in the present case. Furthermore, conscious indifference can be defined as the failure to take some action

[2] Although Appellees refer to *Sharm* as a "no writ" case, the judgment was in fact vacated in October, 1995.

14

which would seem indicated to a person of reasonable sensibilities under the same circumstances. It is reasonable to assume that when a prudent person is served with a petition concerning a lawsuit and is relying on his agent to represent his interest, he is going to make sure that his agent is using due diligence in handling the lawsuit. Fisher has not shown that its failure to file an answer was not intentional or the result of conscious indifference.

*Memorial Hospital*, at 652.

*By the very language quoted by Appellees, this rule applies when a party relies on an agent or representative to file an answer.* Our case is *not* a situation in which ALAMO received a citation, turned it over to its insurer, and expected the insurer to handle the filing of an answer. *ALAMO never received a citation which it might have delivered to its insurer, to its lawyer, or to anyone else.* As the court in *Fisher* explained, "[i]t is reasonable to assume that *when a prudent person is served with a petition* concerning a lawsuit *and is relying on his agent to represent his interest*, he is going to make sure that his agent is using due diligence in handling the lawsuit... ." *Id.* (emphasis added). This rule applies, in other words, where the prudent defendant is *aware* that it has been sued, of the need for some action to be taken, and of the need to do something to monitor the activities of those on whom it is relying to file an answer on its behalf—which must be done by the date certain that was listed on the citation that the defendant already reviewed (or had an opportunity to review). *That never happened here, because ALAMO never had the chance to make it happen.*

15

This Honorable Court's opinion in **Sharm,** *supra* likewise involved a defaulting defendant who actually received a citation and then relied on an insurer or other representative to file an answer: "When a defendant's excuse for failure to file is his reliance *on a third party agent or attorney to file his answer or to notify him of a trial setting,* he must similarly prove that the third party's failure was due to accident or mistake and was not intentional or the result of conscious indifference." **Sharm,** at 782 (emphasis added).

Here it is undisputed that ALAMO's registered agent never received any petition or citation implicating ALAMO, and ALAMO itself never received anything whatsoever. What, exactly, would Appellees have ALAMO do—call CSC every morning and ask to be allowed to go through its wastebaskets, looking for a petition that *doesn't* name ALAMO as a defendant but involves a transaction that ALAMO might have been involved in, so that ALAMO can determine whether it should investigate and monitor further? Appellees' argument has no application whatsoever to this set of facts, and is utterly without merit.

Appellees further argue—once again incorrectly—that the meritorious defense set up by ALAMO is insufficient, because, even if the affidavit statements are accepted as true (which, of course, *is* assumed for **Craddock** purposes), those statements and the two-year limitations defense pointed out in Appellees' Brief

16

pertain only to some, but not all, of the asserted causes of action. This is wrong for at least two reasons. First, it is of course axiomatic that the "meritorious defense" prong of *Craddock* need *not* apply to all claims and causes of action asserted; "it is well settled that the meritorious defense prong is satisfied if it would cause *a different result upon retrial.*" **Milestone Operating, Inc. v. ExxonMobil Corporation**, 2013 WL 4007817 (Tex. App.-Houston [14th Dist.] 2013, no pet.), at *3 (emphasis in the original). In fact, this Honorable Court recognized this rule in **Sutherland v. Spencer**, 2012 WL 3761906 (Tex. App.-Corpus Christi-Edinburg 2012, no pet.), at *2: "We conclude that the appellant's affidavits, if true, set up meritorious defenses in law which would negate all, *or some*, of Spencer's DTPA causes of action..." (emphasis added). On the plain face of the record (Appellant's Brief, at 17), the second prong of *Craddock* is satisfied before we even reach the affidavit.

Second, however, the affidavit itself is, quite obviously, more than sufficient to satisfy *Craddock*. As Mr. Arellano testified:

> The Plaintiffs allege that the failure to provide insurance on their properties was somehow the fault of Alamo Home Finance, Inc. However, when the Durans closed their loan with Alamo, they specifically stated they did not want insurance on the property because the properties were already insured. At the Plaintiffs' request, Alamo never contracted to purchase insurance on the Plaintiffs' behalf and never otherwise had a responsibility to do so.

C.R., at 60. If it is accepted as true—*as it must be*—that "when the Durans closed

17

their loan with Alamo, they specifically stated they did not want insurance on the property because the properties were already insured" (the alleged non-procurement of insurance being the alpha and omega of the claims against ALAMO), Appellees have conclusively erased liability as to *all* (not some) claims and causes of action: ALAMO *never* contracted with Appellees to provide insurance, and the reason it did not do so was because Appellees themselves stated *they already had insurance on the subject properties*. To suggest that this does not establish a **Craddock** meritorious defense is absurd.

As Appellees pointed out on the second page of their response to ALAMO's Motion for Submission, "Texas prefers adjudication on the merits." Just so—and that is all ALAMO asks in this appeal. ALAMO has more than amply demonstrated its entitlement to present its defense on the merits. ALAMO respectfully submits that the default judgment entered against it in this case is erroneous and must be set aside.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, ALAMO respectfully prays that the judgment of the trial court be reversed and remanded in its entirety to that court for a new trial; and for such other and further relief, at law or in equity, to which ALAMO might show itself justly entitled.

Respectfully submitted,

THORNTON, BIECHLIN, SEGRATO,
 REYNOLDS & GUERRA, L.C.
100 N.E. Loop 410, Suite 500
San Antonio, TX 78216
Telephone: 210/342-5555; 210/525-0666 fax


By: s/Vaughan E. Waters
Vaughan E. Waters
State Bar No. 20916700
ATTORNEYS FOR APPELLANT
ALAMO HOME FINANCE, INC.


## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9, Tex. R. App. P., the undersigned certifies that:

(1)     Reply Brief of Appellant contains 4,337 words.

(2)     Reply Brief of Appellant has been prepared in proportionally spaced typeface using Word Perfect in Times New Roman 14 point.


s/ Vaughan E. Waters
Vaughan E. Waters

19

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Reply to Brief of Appellees as to Alamo Home Finance, Inc. has been forwarded to the following this 27th day of March, 2015.

*Via facsimile to 210/545-2130*
Mr. Adrian A. Spears
941 Proton Rd.
San Antonio, TX 78258
*Attorney for Appellant Gonzalez Financial Holdings, Inc.*

*Via e-mail to beeneandricelaw@gmx.com*
Mr. Keith C. Livesay
Livesay Law Office
Brazos Suites No. 9
517 W. Nolana
McAllen, TX 78504

*Via facsimile to 956/630-0383*
Mr. Francisco J. Rodriguez
Law Offices of Francisco J. Rodriguez
1111 W. Nolana
McAllen, TX 78504

*Attorneys for Appellees*

By: s/Vaughan E. Waters
Vaughan E. Waters